UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-1809-CBS

---

UNITED STATES

v.

JOSEPH ALLEN

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO REVOKE DETENTION ORDER

### I.    PRIOR PROCEEDINGS.

On June 29, 2004, a criminal complaint was filed charging multiple individuals with conspiracy to distribute Oxycodone and substantive distribution of Oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1). Defendant Joseph Allen was charged with conspiracy and a single substantive offense. A consolidated probable cause/detention hearing was held on July 2, 2004. On July 12, 2004, the Court (Swartwood, M.J.) issued a memorandum of probable cause and order of detention. That document is appended hereto as Exhibit 1.

In his decision, Magistrate Judge Swartwood characterized the evidence against Mr. Allen as "circumstantial and based on inference." *Id.* at 7. Magistrate Judge Swartwood agreed that if the standard to be applied was proof beyond a reasonable doubt, "it is questionable whether the evidence before me would be sufficient to find that Mr. Allen was a member of this conspiracy." *Id.* at 8. In

sum, the Court found, the weight of the evidence against Allen was "less than substantial." *Id.* at 15.

After reviewing Allen's personal history, Magistrate Judge Swartwood concluded that he was not a risk of flight. *Id.* at 19. Nevertheless, due to his prior criminal record, the Court characterized Allen as "a violent individual who poses a sufficient risk to the community." *Id.* at 18. He ordered that Allen be detained pending trial.

## II.    THE WEIGHT OF THE EVIDENCE.

The weight of the evidence against the accused is one of the statutory bail/detention factors set forth at 18 U.S.C. § 3142. In this case, that factor supports this defendant's release pending trial. In contrast to most of the other defendants in this multi-defendant case who have been ordered released by the Court, there is no evidence that Joseph Allen ever sold Oxycodone to anyone. The factual allegations against him, set forth in the light most favorable to the government in Magistrate Judge Swartwood's Order of Detention, are that Mr. Allen was standing outside a restaurant in which a drug deal was supposed to take place on one occasion and that he was a passenger in a car which picked up a co-defendant following drug deals on two occasions. The 50-page affidavit of the case agent submitted in support of the criminal complaint is devoid of any evidence whatsoever that Allen knew that drug deals were going to occur on these occasions or that he had any intentional role in facilitating those transactions.

Accordingly, while there is no way to know at this juncture how this case will turn out, there is a substantial likelihood that the defendant, who is presumed innocent, will be acquitted by a jury at trial. Indeed, there is a real possibility that the case against him will never even get to a jury before a judgment of acquittal enters. These circumstances should militate strongly against depriving

-2-

defendant Allen of his liberty, since that time can never be restored to him.

## III.    RISK OF FLIGHT.

As Magistrate Judge Swartwood correctly concluded, the release of Joseph Allen pending trial would not pose any cognizable risk of flight. Allen is a lifelong resident of Gloucester. He has a long-term relationship with his girlfriend, Alicia Parisi, who is pregnant with their child. A copy of Ms. Parisi's letter to the Court is appended hereto as Exhibit 2. Allen and Parisi have lived together in the basement apartment of her parents' house for the past five years.

Allen also has a number of relatives in the Gloucester area. He has never missed a court date. Moreover, Allen is indigent and lacks the wherewithal to flee, even if he were inclined to do so. Finally, since the evidence against him is so insubstantial, there would be little or no incentive for him to flee. In sum, Allen is not a risk of flight, a fact which militates strongly in favor of release pending trial.

## IV.    DANGEROUSNESS.

The remaining critical factor, set forth at 18 U.S.C. § 3142(g)(4), is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." This was the ground relied upon by Magistrate Judge Swartwood, who characterized Allen as " a violent individual who poses a significant risk to the community." *Memorandum of Decision* at 18.

Allen's prior criminal record is appended hereto as Exhibit 3. That record contains a substantial number of criminal convictions, mostly for the offenses of assault-and-battery and disorderly person. These offenses are misdemeanors under Massachusetts law. On information and belief, these prior offenses were related to Allen's abuse of alcohol. While that is not a defense or

an excuse, it does provide the Court with some guidance as to fashioning conditions of release which would adequately protect the community.

## V.    DISCUSSION.

Magistrate Judge Swartwood described the issue of whether or not to release Joseph Allen pending trial as a "difficult case." *Id.* Unfortunately, in ordering detention, the Magistrate Judge apparently did not consider the imposition of restrictive conditions of release that would have reasonably assured the Court that Allen will not pose a danger to the safety of any other person or the community if released. Those conditions include, *inter alia*, placing Allen on house arrest with an electronic bracelet, imposing a specific curfew, and/or ordering him to refrain from the use of drugs or alcohol and subjecting him to frequent testing to ensure compliance with such conditions.

It is simply not true, as Magistrate Judge Swartwood concluded, that no combination of release conditions will reasonably assure the safety of the community. Mr. Allen, a lifelong resident of Gloucester, faces an insubstantial case. His prior misdemeanor convictions should not compel his loss of liberty pending trial. The defendant requests that the Court devise reasonable conditions and order his release.

Respectfully submitted,

**JOSEPH ALLEN**
By his attorney,

James L. Sultan, BBO #488400
Rankin & Sultan
One Commercial Wharf North
Boston, MA 02110
(617) 720-0011

-4-

**CERTIFICATE OF SERVICE**

I certify that I have served the foregoing document by mailing a copy, U.S. mail, postage prepaid, to AUSA Michael Pelgro at the US Attorney's Office, 1 Courthouse Way. Boston, MA 02210 this July 28, 2004.

James L. Sultan