UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal No. 04-CR-10288-NG |
| ) | |
| **JOSEPH ALLEN** ) | |

### GOVERNMENT'S MOTION TO AMEND ITS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Now comes the United States of America, by and through the undersigned counsel, and submits herewith its Motion To Amend Its Opposition To Defendant's Motion To Dismiss.  The government's originally submitted Opposition to Defendant's Motion To Dismiss contained a mathematical error.  Page 16 of the government's Opposition reads, in part,:

> On August 9, 2004, the Court (Zobel, J.) held a hearing on the defendant's Motion and allowed his release on the same day.  As a result, the speedy trial clock resumed running on August 10, 2004 (day fifteen).  The clock stopped again on September 14, 2004 (**day thirty-five**) because the defendant filed a Motion to Dismiss the Complaint on September 15, 2004. (emphasis added)

The above paragraph should read:

> On August 9, 2004, the Court (Zobel, J.) held a hearing on the defendant's Motion and allowed his release on the same day.  As a result, the speedy trial clock resumed running on August 10, 2004 (day fifteen).  The clock stopped again on September 14, 2004 (**day fifty**) because the defendant filed a Motion to Dismiss the Complaint on September 15, 2004. (emphasis added)

When the pre-indictment speedy trial clock stopped on September 14, 2004, fifty days had run on the clock.  The

undersigned counted thirty-five days from August 10, 2004 to September 14, 2004, but neglected to factor in the fifteen days that were already on the speedy trial clock.  As a result of the miscalculation, the government's representation that any violation of the pre-indictment speedy trial clock was limited to five days is incorrect.  The potential violation is actually twenty days.

    The government, of course, continues to maintain and argue that the issue is moot as a result of the September 22, 2004 indictment and that there has not been a violation of the speedy trial clock.  The government continues to maintain and argue that if this Court concludes that there has been a violation of the pre-indictment speedy trial clock, the indictment should be dismissed without prejudice.  This is the only appropriate remedy in light of the seriousness of the charges, the reasonable actions by the government, and the complete lack of any prejudice to the defendant.

                                            Respectfully submitted,
                                            MICHAEL J. SULLIVAN
                                            United States Attorney

                                  By:   */s/ David G. Tobin*
                                        DAVID G. TOBIN
                                        Assistant U.S. Attorney

Date:  October 15, 2004