UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-NG

UNITED STATES

v.

JOSEPH ALLEN

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE**

I.   **STATEMENT OF RELEVANT FACTS.**

On June 29, 2004, a criminal complaint was filed charging multiple individuals with conspiracy to distribute Oxycodone and substantive distribution of Oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1). Defendant Joseph Allen ("Allen") was charged with conspiracy and a single substantive offense. He was arrested on the complaint on June 30, 2004, and had an initial appearance on that date, at which the government moved to detain him pending trial.

A consolidated probable cause/detention hearing was held on July 2, 2004. On July 12, 2004, the Court (Swartwood, M.J.) issued a Memorandum of Probable Cause and Order of Detention. Although Magistrate Judge Swartwood characterized the evidence against Mr. Allen as "circumstantial and based on inference," he found probable cause and ordered that Allen be detained pending trial. On July 20, 2004, the defendant filed an *Ex Parte* Application for Necessary Investigative Services, which was allowed by the Court that same day. On July 28,

2004, Allen moved to revoke the detention order, which was granted by the Court (Zobel, J.) following a hearing on August 9, 2004. He was released on stringent conditions of bail, including house arrest and electronic monitoring.

On September 15, 2004, the defendant filed a motion to dismiss the complaint on the grounds that the government had violated the Speedy Trial Act, 18 U.S.C. § 3161(b), by failing to indict him within 30 days of his arrest on the complaint. On September 22, 2004, the defendant was indicted for conspiracy to distribute Oxycodone and substantive distribution of Oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1). According to the docket, the case on the complaint was terminated by the Court on September 29, 2004.

The defendant was arraigned on the indictment on October 4, 2004. That same day, the defendant filed a Motion to Modify Conditions of Release, which was granted by the Court. At arraignment, the Court (Swartwood, M.J.) posed questions to counsel for the parties respecting the defendant's previously-filed motion to dismiss the complaint. Those questions are addressed by the defendant in his Memorandum in Response to Questions Posed by Court at Arraignment Respecting Defendant's Pending Motion to Dismiss Complaint, filed herewith.

On October 8, 2004, the government filed an opposition to the defendant's motion to dismiss the complaint. In its opposition, the government argues that the defendant's motion to dismiss the complaint is moot because the defendant was indicted on September 22, 2004. In the alternative, the government argues that it has not violated the Speedy Trial Act. The government claims that all time excluded under the Act, 18 U.S.C. § 3161(h)(1), for any one of the twelve individuals charged in the same criminal complaint as Allen was excludable for Allen as well. In its opposition, the government concedes that, if the time excluded for any of those twelve individuals was *not* excludable as to Allen, it has indeed violated the defendant's rights under the

Speedy Trial Act. Under such circumstances, the government argues that the complaint should be dismissed without prejudice, rather than with prejudice.

## II.    SUMMARY OF APPLICABLE LAW.

An accused has a constitutional right to a speedy trial. U.S. Const. amend. VI. The right to a speedy trial is "fundamental" and "one of the most basic rights preserved by our Constitution." *Klopfer v. North Carolina*, 386 U.S. 213, 223-226 (1967). The Speedy Trial Act, 18 U.S.C. § § 3161, *et seq.*, is the statutory implementation of this fundamental right and "increases a defendant's speedy trial safeguards beyond the constitutional minima." *United States v. Hastings*, 847 F.2d 920, 923 n.4 (1st Cir. 1988). In an effort to protect a defendant's constitutional right to a speedy indictment and trial and to serve the public interest in bringing about prompt criminal proceedings, Congress adopted rigid time limits regarding time between arrest and indictment, as well as between indictment and trial. *United States v. Gonzales*, 137 F.3d 1431, 1432 (10th Cir. 1998). Section 3161(b) requires that:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

To calculate the initial thirty-day period, the Court should add thirty days to the date of arrest, counting weekends and holidays, but not the date of arrest itself. *See United States v. Pollock*, 726 F.2d 1456, 1460 n.6 (9th Cir. 1984); *United States v. Mitchell*, 723 F.2d 1040, 1042 (1st Cir. 1983). In determining whether a violation of the Act has occurred, certain "periods of delay [are] excluded in computing the time within which an information or an indictment must be filed." 18 U.S.C. § 3161(h). Under § 3161(h)(1), any day on which a "proceeding concerning the defendant" is held is excludable. *United States v. Barnes*, 159 F.3d 4, 10 (1st Cir. 1998). Additionally, § 3161(h)(1)(F) excludes from the computation "delay resulting from any

pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Motions filed prior to indictment are considered pretrial motions for purposes of this section. *Mitchell*, 723 F.2d at 1044 (motion for extension of time to file indictment); *United States v. Rush*, 738 F.2d 497, 503 n. 11 (1st Cir. 1984) ("[t]he (h)(1)(F) exclusion applies whether the pretrial motion is filed before or after indictment"). If a hearing on the motion is held, the time to be excluded under § 3161(h)(1)(F) is the date on which the motion is filed to the date on which a hearing is held. *United States v. Rodriguez*, 63 F.3d 1159, 1163 (1st Cir. 1995) (*citing Henderson v. United States*, 476 U.S. 321, 328-31 (1986)). Additionally, § 3161(h)(1)(J) excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

Section 3161(h)(7) excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." In its opposition to the defendant's motion to dismiss the complaint, the government argues that the (h)(7) exclusion applies to both the time period between arrest and indictment and between indictment and trial. Opp. Mem. at 9-11. In support of its contention, the government cites § 3161(h), which states: "The following periods of delay shall be excluded in computing the time within which an information or indictment must be filed, or in computing the time within which the trial of any such offense must commence:". The (h)(7) exclusion, excluding time for codefendants, is listed under this introductory language.

The defendant acknowledges that the (h)(7) exclusion is found within the rubric of § 3161(h), listing instances in which time shall be excluded for purposes of the Speedy Trial Act. But in relying upon the introductory language, the government ignores the clear language of

(h)(7) itself. Section 3161(h)(7) excludes "[a] reasonable period of delay when the defendant is *joined for trial* with a codefendant as to whom the *time for trial* has not run and no *motion for severance* has been granted." (emphasis added.) Under the Federal Rules of Criminal Procedure, defendants may be "joined for trial" if they are jointly charged in the same indictment, and the remedy for misjoinder is severance. Fed.R.Crim.P. 8(b); *United States v. Natanel*, 938 F.2d 302, 306 (1st Cir. 1991). By consistently referring to aspects of a criminal prosecution which are applicable only at indictment or after – "joined for trial," "time for trial," and "motion for severance" – the statute itself makes clear that the (h)(7) exclusion only applies to the time between indictment and trial. The government argues that if Congress wanted the (h)(7) exclusion to apply only to the time between indictment and trial, it would have made its intent clear. That is exactly what Congress did.

Moreover, the legislative history of the Speedy Trial Act supports the proposition that Congress did not intend § 3161(h)(7) to apply to pre-indictment delay. *See United States v. Garrett*, 720 F.2d 705, 708 (D.C. Cir. 1983). In enacting the statute, Congress was concerned with safeguarding the ability of the government to prosecute cases involving multiple defendants. *Id.* According to the legislative history, "'the purpose of the provision is to make sure that [the Speedy Trial Act] does not alter the present rules on severance of codefendants by forcing the Government to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under section 3162.'" *Garrett*, 720 F.2d at 709 (*quoting* S.Rep. No. 1021, 93d Cong., 2d Sess. 38 (1974)). *See also United States v. Vasquez*, 918 F.2d 329, 336 (2d Cir. 1990) (quoting same); *United States v. Vogl*, 374 F.3d 976, 983 (10th Cir. 2004) (The purpose of the (h)(7) exclusion was "to accommodate the efficient use of prosecutorial and judicial

resources in trying multiple defendants in a single trial"). The legislature's concern, as articulated in the legislative history, is simply not applicable to proceedings prior to indictment.[1]

Significantly, the government cites no reported decision where any federal court applied the (h)(7) exclusion to the time period between arrest and indictment. There is, however, a case which directly contradicts the government's position. In *United States v. Garrett*, 720 F.2d 705, 708 (D.C. Cir. 1983) (Bork, J.), the Court of Appeals stated: "Section 3161(h)(7) operates only to exclude delay occurring in the second phase of a criminal prosecution – the time between indictment (or initial presentation) and trial," and not to pre-indictment delay. 720 F.2d at 708. The Court could not have more been explicit. In sum, § 3161(h)(7) only applies post-indictment and cannot be used to extend the thirty-day deadline for filing an indictment after a defendant's arrest on a criminal complaint.

If the government fails to indict a defendant before the passage of thirty nonexcludable days in violation of § 3161(b), the complaint shall be dismissed. 18 U.S.C. § 3162(a)(1). In ordering a dismissal pursuant to § 3162(a), the judge has discretion to decide whether reprosecution will be barred. *Hastings*, 847 F.2d at 924 (*citing United States v. Brown*, 770 F.2d 241, 242-43 (1st Cir.1985)). *See also United States v. Taylor*, 487 U.S. 326, 334 (1988) ("the decision to dismiss with or without prejudice [is] left to the guided discretion of the district court"). In determining which decision is appropriate in any given case, the Court "must start from a level playing field; there is no presumption either way." *Taylor*, 487 U.S. at 334; *Hastings*, 847 F.2d at 924.

---

[1] Applying the (h)(7) exclusion solely to time between indictment and trial is also consistent with the Judicial Conference's *Guidelines to the Administration of the Speedy Trial Act of 1974*, which, in suggesting starting and ending dates for calculating time under (h)(7), refers solely to the time period between indictment and trial. *Garrett*, 720 F.2d at 709 n.2; *United States v. Campbell*, 706 F.2d 1138, 1141 (11th Cir. 1983).

Section 3162(a)(1) requires the Court to consider, at a minimum, three factors in determining whether to dismiss the case with or without prejudice: (1) "the seriousness of the offense," (2) "the facts and circumstances of the case which led to the dismissal," and (3) "the impact of a reprosecution on the administration of [the Act] and on the administration of justice." The Court must consider all three factors. *Taylor*, 487 U.S. at 333; *United States v. Ramirez*, 973 F.2d 36, 39 (1st Cir. 1992). "[T]he three-pronged test was crafted to encourage judges to weigh both private and public interests when determining whether or not to foreclose reprosecution." *Hastings*, 847 F.2d at 924. Additionally, the Court may consider related factors, such as prejudice to the defendant resulting from the delay. *Barnes*, 159 F.3d at 16.

Although the fact that the defendant is charged with a "serious" crime may weigh in favor of allowing re-prosecution, it is not dispositive of the issue. *United States v. Miller*, 23 F.3d 194, 197 (8th Cir. 1994) (although defendant convicted of serious cocaine and marijuana charges, district court should have dismissed indictment with prejudice where government failed to explain reason for violation of Act); *United States v. Giambrone*, 920 F.2d 176, 181-182 (2d Cir. 1990) (although defendants convicted of dealing in and conspiring to deal in narcotics, dismissal with prejudice appropriate); *United States v. Russo*, 741 F.2d 1264, 1267-1268 (11th Cir. 1984) (per curiam) (although defendant convicted of serious drug charges, district court should have dismissed indictment with prejudice). In determining the seriousness of the offense, the Court should consider the weight of the evidence against the defendant. *See Barnes*, 159 F.3d at 16 (rejecting defendant's assertion that evidence against her was weak and therefore crime was not serious).

The Court should take into account whether the delay was attributable to the defendant or the prosecution. *See Barnes*, 159 F.3d at 16-17. "Because the Government alone usually knows

the reason for the delay, it bears the initial burden of explaining why the violation occurred." *United States v. May*, 819 F.2d 531, 533 (5th Cir. 1987). *See also Miller*, 23 F.3d at 197 (government "charged with both stating and validating its reasons or bases for the delay"). If the government fails to explain the delay, there is an assumption that the delay was unjustified, which weighs against the government. *Id.* at 533 n.11.

"When a [Speedy Trial Act] violation is caused by the court or the prosecutor, it weighs in favor of granting a dismissal with prejudice." *Ramirez*, 973 F.2d at 39. Dismissal with prejudice can be appropriate in some circumstances where the delay was not intentional. *Ramirez*, 973 F.2d at 39; *United States v. Caparella*, 716 F.2d 976, 980 (2d Cir. 1983) (where government's failure to timely indict the defendant was not of an "evil motive," but simple "careless inadvertence," it was error for trial court to dismiss without prejudice rather than with prejudice). In *Ramirez*, even though the delay was caused negligently (by the court no less), dismissal with prejudice was found to be appropriate. *Id.* Indeed, a "lackadaisical" or "neglectful attitude on the part of the Government reasonably [can] be factored against it." *Taylor*, 487 U.S. at 338.

The government cannot claim that its violation of the Speedy Trial Act was excused because it was based on a misunderstanding of the statute. *Russo*, 741 F.2d at 1267, cited with approval in *United States v. Brown*, 770 F.2d 241, 244 (1st Cir. 1985). In *Russo*, the government argued that its conduct was excusable because it believed it had not violated the Speedy Trial Act, a belief based on its failure to correctly interpret the Speedy Trial Act at a time when there was sparse caselaw on the subject. 741 F.2d at 1267. However, the court rejected misinterpretation of the Act as an excuse, and held that the government's conduct required

dismissal of the indictment with prejudice. *Id.* at 1268 (defendant convicted of "serious" drug offenses involving methaqualone, in violation of 21 U.S.C. §§ 841(a)(1) and 846).

The Court must also consider "the impact of a reprosecution on the administration of [the Act] and on the administration of justice." 18 U.S.C. § 3162(a)(1). Any time the requirements of the Speedy Trial Act are not met, the administration of justice is adversely affected. *United States v. Scott*, 270 F.3d 30, 58 (1st Cir. 2001); *Hastings*, 847 F.2d at 926 ("whenever government-- for whatever reasons--falls short of meeting the Act's requirements, the administration of justice is adversely affected"). Even where the crimes charged are serious and the delay was not intentionally caused, dismissal should be with prejudice where reprosecution of a case would send the "wrong signal" to those responsible for complying with the requirements of the Act, and "foster ... a cavalier regard" of those requirements. *Ramirez*, 973 F.2d at 39. "[D]ismissal with prejudice 'is more likely [than dismissal without prejudice] to induce salutary changes in procedures reducing pretrial delays.'" *Id.* (*citing Taylor*, 487 U.S. at 342).

The length of the delay is a means of measuring the seriousness of the government's violation of the defendant's speedy trial right and is closely related to the issue of prejudice to the defendant. *Taylor*, 487 U.S. at 341. As the Supreme Court stated in *Taylor*:

> [I]nordinate delay between public charge and trial, ... wholly aside from possible prejudice to a defense on the merits, may 'seriously interfere with the defendant's liberty, whether he is free on bail or not, and ... may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.' 487 U.S. at 342 (*quoting Barker v. Wingo*, 407 U.S. 514, 537 (1972) (White, J., concurring).

## III. APPLICATION OF LAW TO FACTS.

### A. The defendant's rights under the Speedy Trial Act have been violated.

The government failed to indict Allen within thirty nonexcludable days after his arrest, in violation of 18 U.S.C. § 3161(b). The complaint charging Allen was filed on June 29, 2004. Allen was arrested and made his initial appearance on June 30. At the defendant's initial appearance, the government made an oral motion to detain the defendant, and a probable cause/detention hearing was scheduled for July 2. The probable cause/detention hearing was held on July 2, and the Court disposed of the probable cause/detention proceeding by written memorandum and order on July 12. Thus, the time from the defendant's arrest on June 29 to the disposition of the probable cause/detention proceeding on July 12, is excludable under 18 U.S.C. § 3161 (h)(1)(F) and (h)(1)(J).

On July 13, 2004, the speedy trial clock began to run. A total of seven nonexcludable days were logged between July 13 and July 19. On July 20, the defendant filed an *Ex Parte* Application for Necessary Investigative Services, which was allowed by the Court that same day. July 20 is excludable pursuant to 18 U.S.C. § 3161(h)(1)(F). Between July 21 and July 27, the speedy trial clock picked up an additional seven days, making a total of fourteen nonexcludable days. On July 28, Allen moved to revoke the detention order. A hearing was held on the motion on August 9, and the defendant's motion was granted that same day. From July 28 to August 9 the speedy trial clock was tolled pursuant to 18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

From August 10 to September 14, the speedy trial clock logged an additional thirty-six nonexcludable days, making a grand total of fifty. On September 15, the defendant filed a motion to dismiss the complaint. That motion remains under advisement. On September 22, the

defendant was indicted. Thus, from September 15 to September 22, the speedy trial clock was tolled under 18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

In sum, fifty nonexcludable days passed between the defendant's arrest on the complaint and his indictment. This constitutes a clear violation of § 3161(b), warranting relief.

**B.     The appropriate remedy for the violation of the defendant's rights under the Speedy Trial Act is dismissal of the indictment with prejudice.**

As Allen has established a violation of the Speedy Trial Act, the indictment must be dismissed pursuant to § 3162(a)(1). The Court has discretion to decide whether the indictment should be dismissed with or without prejudice. 18 U.S.C. § 3162(a)(1); *Taylor*, 487 U.S. at 334. Section 3162(a)(1) requires the Court to consider, at a minimum, three factors in determining to dismiss the case with or without prejudice: (1) "the seriousness of the offense," (2) "the facts and circumstances of the case which led to the dismissal," and (3) "the impact of a reprosecution on the administration of [the Act] and on the administration of justice." Additionally, the Court may consider the length of the delay and the prejudice to the defendant resulting from the delay. *Barnes*, 159 F.3d at 16; *Hastings*, 847 F.2d at 924.

The defendant is charged with conspiracy to distribute Oxycodone and a single substantive distribution of Oxycodone. Although the charges against Allen involve distribution of illegal drugs, the weak evidence put forward to date should be taken into account in assessing the seriousness of those charges. At the probable cause hearing on July 2, 2004, the government presented no evidence that Allen ever possessed or sold Oxycodone, and the evidence suggesting he was associated with other individuals who allegedly distributed controlled Oxycodone is, in

the words of the Court (Swartwood, M.J.), "circumstantial and based on inference."[2] The paucity of evidence militates in favor of dismissal with prejudice.

Likewise, the facts and circumstances leading to the unlawful delay of indictment weigh in favor of granting a dismissal with prejudice. That delay was caused solely by the government. In its opposition, the government contends that it deliberately chose not to indict Allen sooner, believing in "good faith" that it was not in violation of the Speedy Trial Act. Opp. Mem. at 16-18. However, as stated above, misinterpreting a provision of the Act is not an excuse for violating it, and the government's negligent conduct in misinterpreting the Act weighs in favor of granting dismissal with prejudice, even in a case involving "serious" drug crimes. See Russo, 741 F.2d at 244.

The length of the delay is substantial and leans in favor of granting a dismissal with prejudice. A total of eighty-four days passed between the defendant's arrest on June 29, 2004 and his indictment on September 22, 2004. Excluding time pursuant to the Speedy Trial Act, the government violated the 30-day time limit by twenty days, or 66.6 percent.[3] Such a violation is substantial and favors dismissal with prejudice.

Finally, allowing the government to reprosecute Allen after it let fifty nonexcludable days pass since his arrest would have a negative impact on the integrity of the Speedy Trial Act and the administration of justice. The requirements of the Speedy Trial Act must be enforced seriously if they are to have any real meaning. Under the circumstances present here, dismissal

---

[2] The defendant notes that, in its opposition, the government claims that "[s]everal witnesses testified [before the grand jury] that they had purchased OxyContin from the defendant during the pendency of the investigation." Opp. Mem. at 14. None of that putative evidence has been disclosed to defense counsel or the Court.

[3] The government claims that even if the (h)(7) exclusion does not operate to exclude time for Allen that is excludable as to the other twelve individuals charged in the same complaint, it was only five days late in indicting the defendant. Opp. Mem. 15, 18-19. However, it appears that the government's five-day calculation was based on an addition error, see Opp. Mem. at 16, not a disagreement with the defendant about what time is excludable. The defendant claims that the indictment came twenty days, rather than five days, too late.

of the indictment without prejudice would only serve to encourage a "cavalier regard" on the part of the government in meeting the requirements of the Act. Under all the circumstances, a harsher sanction is warranted. If the indictment is dismissed with prejudice, perhaps the government will be more assiduous and diligent in the future in meeting its obligations under the law.

## CONCLUSION

For the reasons set forth herein, the indictment should be dismissed with prejudice.

Respectfully submitted,

**JOSEPH ALLEN**
By his attorney,

_____
James L. Sultan, BBO #488400
Rankin & Sultan
One Commercial Wharf North
Boston, MA 02110
(617) 720-0011

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing document by mailing a copy, U.S. mail, postage prepaid, to AUSA David Tobin at the US Attorney's Office, 1 Courthouse Way, Boston, MA 02210 this October 14, 2004.

_____
James L. Sultan