UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-NG

---

UNITED STATES

v.

JOSEPH ALLEN

---

# DEFENDANT'S MEMORANDUM IN RESPONSE TO QUESTIONS POSED BY COURT AT ARRAIGNMENT RESPECTING DEFENDANT'S PENDING MOTION TO DISMISS COMPLAINT

## I. STATEMENT OF PRIOR PROCEEDINGS.

On June 29, 2004, a criminal complaint was filed charging multiple individuals with conspiracy to distribute Oxycodone and substantive distribution of Oxycodone, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Defendant Joseph Allen ("Allen") was charged with conspiracy and a single substantive offense. He was arrested on the complaint on June 30, 2004 and had an initial appearance on that date, at which the government moved for his detention pending trial.

A consolidated probable cause/detention hearing was held on July 2, 2004. On July 12, 2004, the Court (Swartwood, M.J.) issued a Memorandum of Probable Cause and Order of Detention. On July 28, 2004, Allen moved to revoke the detention order, which was granted by the Court (Zobel, J.) following a hearing on August 9, 2004. He was released on stringent conditions of bail, including house arrest and electronic monitoring.

On September 15, 2004, the defendant moved to dismiss the complaint on the grounds that the government had violated the Speedy Trial Act, 18 U.S.C. § 3161(b), by failing to indict him within 30 days of his arrest on the complaint. Before responding to the defendant's motion, the government indicted the defendant on September 22, 2004 for one count of conspiracy to distribute Oxycodone and one count of substantive distribution of Oxycodone, in violation of 21 U.S.C. §§ 846 and 841(a)(1). *United States v. Espinola, et. al.*, Crim. No. 04-CR-10288-NG. According to the docket, the case on the complaint, *United States v. Espinola, et. al.*, Criminal No. 04-1809-CBS, was terminated by the Court on September 29, 2004.

The defendant was arraigned on the indictment on October 4, 2004. That same day, the defendant filed a Motion to Modify Conditions of Release, which was granted by the Court. On October 8, 2004, the government filed an opposition to the defendant's motion to dismiss the complaint.

At the defendant's arraignment on October 4, 2004, the Court (Swartwood, M.J.) posed two questions to counsel for the parties respecting the defendant's previously-filed motion to dismiss the complaint: (1) Does the Court still have jurisdiction to decide the motion or is the motion moot? and (2) If the motion is not moot, does the Court (Swartwood, M.J.) have the authority to decide the motion? This memorandum is filed in response to the two specific questions posed by the Court.

## II.   REGARDLESS OF WHETHER THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IS TECHNICALLY MOOT, THE DEFENDANT'S SPEEDY TRIAL ACT CLAIM IS NOT MOOT AND SHOULD BE LITIGATED THROUGH A MOTION TO DISMISS THE INDICTMENT.

There may be authority to support the government's contention that the defendant's motion to dismiss the complaint is technically moot now that the defendant has been indicted. *See United States v. Williams*, 314 F.3d 552, 555 (11th Cir. 2002) (district court found defendant's motion to dismiss complaint for 30-day violation filed pre-indictment moot due to filing of indictment). Regardless of whether the defendant's motion to dismiss the complaint is technically moot, however, the Court still has the authority to dismiss the charges against the defendant for the government's failure to indict the defendant within 30 days of his arrest in violation of the Speedy Trial Act. *See Williams*, 314 F.3d at 555-560; *United States v. Garcia-Martinez*, 254 F.3d 16, 18-20 (1st Cir. 2001); *United States v. De La Pena-Juarez*, 214 F.3d 594, 596-600 (5th Cir. 2000); *United States v. Wright*, 990 F.2d 147, 148-149 (4th Cir. 1993) (each considering on appeal the merits of a district court's ruling on a motion to dismiss indictment for failure to indict within 30-day limit under Speedy Trial Act, filed post-indictment and pre-trial).

The situation in *Wright* is very similar to the case at bar. There, the defendant, alleging a violation of the Speedy Trial Act, moved to dismiss the complaint against him 31 days after his arrest, as he had yet to be indicted. The grand jury indicted the defendant the next day. The defendant then filed a motion to dismiss the indictment on the same grounds, and the district court addressed the merits of that motion. 990 F.2d at 148. Since the case triggered by the complaint has been terminated and the government is now proceeding against the defendant solely by indictment, it seems appropriate here, as in *Wright*, for the Court to address the defendant's Speedy Trial Act claim within the context of a new motion to dismiss the indictment, filed herewith.

### III. A MAGISTRATE JUDGE DOES NOT HAVE THE AUTHORITY TO DECIDE A MOTION TO DISMISS AN INDICTMENT.

Pursuant to the Federal Magistrate Act, a Magistrate Judge does not have the authority to rule on a motion to dismiss an indictment. 28 U.S.C. § 636(b)(1)(A). However, the Act does authorize a District Judge to designate a Magistrate Judge to hear and make proposed findings and recommendations on a motion to dismiss an indictment. 28 U.S.C. § 636(b)(1)(B).

Respectfully submitted,

JOSEPH ALLEN
By his attorney,

_____
James L. Sultan, BBO #488400
Rankin & Sultan
One Commercial Wharf North
Boston, MA 02110
(617) 720-0011

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing document by mailing a copy, U.S. mail, postage prepaid, to AUSA David Tobin at the US Attorney's Office, 1 Courthouse Way, Boston, MA 02210 this October 14, 2004.

_____
James L. Sultan