

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

UNITED STATES

v.

JOSEPH ALLEN

## DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE TO REPLACE HOME INCARCERATION AND ELECTRONIC MONITORING WITH CURFEW

Joseph Allen, the defendant in the above-captioned criminal case, hereby moves this Court, pursuant to 18 U.S.C. § 3142(c)(3), to modify his conditions of release. Specifically, the defendant moves that the Court eliminate the requirements of home incarceration and electronic monitoring and impose, in lieu thereof, an appropriate nighttime curfew. As grounds therefore, the defendant avers as follows:

1. Defendant Joseph Allen ["Allen"] was charged in a sealed complaint and arrested on June 29, 2004. The complaint alleged that he participated in a conspiracy to distribute Oxycontin.

2. On July 12, 2004, Magistrate Judge Swartwood entered an order of detention respecting Allen. Allen remained in custody until August 9, 2004, when the Court granted Allen's motion to revoke the detention order and released him on conditions, including home incarceration and electronic monitoring.

3. Allen was indicted for the same offenses on September 22, 2004. Discovery proceedings in the case are ongoing. The next court hearing in the case is scheduled for April 13, 2005 before Magistrate Judge Swartwood. No trial date has been set.

4. Since his release approximately six months ago, Allen has complied fully with his conditions of release. Based upon previous modifications of release conditions allowed by the Court, Allen is currently attending four Narcotics Anonymous meetings per week in his hometown of Gloucester. He is also working full-time in Beverly.

5. In light of the protracted period of time which Mr. Allen has already spent under the strictest conditions of release, the likely protracted period of time which remains until trial, the constructive activities he is presently participating in, and his excellent record of compliance to date, the conditions of home incarceration and electronic monitoring are no longer necessary to assure Allen's appearance in court as required and the safety of the community. These conditions impose unnecessary and excessive restrictions upon him with no reasonable end in sight. Accordingly, under all of the circumstances, it is fair and reasonable that his conditions of release be modified at this point to eliminate home incarceration and electronic monitoring. In lieu thereof, the defendant suggests that he be placed on a curfew which will require

him to be in his home between the hours of 11:00 p.m. and 7:00 a.m. each day.

6. The defendant submits the accompanying affidavit in support of the instant motion.

Respectfully submitted,

**JOSEPH ALLEN**

By his attorney,

_____
James L. Sultan, BB0 #488400
Rankin & Sultan
One Commercial Wharf North
Boston, MA 02110
(617) 720-0011

### CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon the government by mailing a copy thereof, to AUSA David Tobin, Moakley Federal Courthouse, One Courthouse Way, Suite #9200, Boston, MA 02210 and US Pretrial Services Officer Christopher Wylie, Moakley Federal Courthouse, One Courthouse Way, Suite #1300, Boston, MA 02210 on February 2, 2005.

_____
James L. Sultan