## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10288-RWZ |
| | ) | |
| JOSEPH ALLEN, | ) | |
| Defendant | ) | |
| | ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

Now comes the United States, by its attorneys, Michael J. Sullivan, United States Attorney, and David G. Tobin, Assistant U.S. Attorney, and hereby moves this Honorable Court to deny the Defendant's Motion To Modify Conditions of Release. The defendant's motion asks the Court to modify his conditions of release to permit him to "leave his home between the hours of 9:00 a.m. and 5:00 p.m. each Saturday so that he can engage in family activities." In support of its Opposition, the United States avers as follows:

1.    On June 29, 2004, a criminal complaint was issued charging the defendant, and twelve co-defendants, with conspiracy to possess with the intent to distribute, and distribute, oxycodone. An affidavit supporting the complaint detailed the involvement of the defendant, and his co-defendants, in a large-scale oxycodone distribution conspiracy on the North Shore of Massachusetts. Arrest warrants were issued for the

defendant and his co-defendants.

2.   On June 30, 2004, the defendant made his initial appearance before the Court (Swartwood J.) and, after an oral Motion for Detention by the United States, the Court issued an Order of Temporary Detention.  On July 2, 2004, a detention hearing was held.

3.   On July 12, 2004, the Court (Swartwood J.) released its Order of Detention pertaining to the defendant (Attached as Exhibit A).  The Court found that "Mr. Allen is clearly a violent individual who poses a significant risk to the community.... [and] there are no conditions that would assure the safety of the community if Mr. Allen were released."  The Court pointed out that "Mr. Allen has multiple prior convictions for assault and battery and being a disorderly person and one prior conviction which is a drug offense. On multiple occasions, Mr. Allen has assaulted individuals for no apparent reason and on one of these occasions, the victim required reconstructive surgery on his face ... [and] Mr. Allen has a lengthy history of violating the terms of his probation."

4.   On July 28, 2004, the defendant filed a Motion to Revoke Detention.  The United States filed its Opposition on August 9, 2004 (Attached as Exhibit B).

2

5.   On August 9, 2004, the Court (Zobel J.) allowed the
     defendant's Motion to Revoke Detention.  The Court
     filed an Order Setting Conditions of Release [Attached
     as Exhibit C], which included electronic monitoring and
     home confinement.

6.   Since October 4, 2004, the defendant has filed at least
     four motions requesting temporary modification of the
     conditions of his release (to attend girlfriend's baby
     shower, to attend a family Thanksgiving dinner, to
     celebrate Christmas with his family, and to attend his
     daughter's christening).  The Court granted the
     defendant's motions.  On January 10, 2005, the Court
     modified the terms of the defendant's release by
     allowing him to work full-time outside of his home.

7.   On February 2, 2005, the defendant filed a motion
     requesting that replace home confinement with a curfew.
     The Court (Zobel J.) denied the defendant's motion.

The defendant remains a danger to the community and his
proposed modification permitting him to engage in activities
outside of his home every Saturday poses a clear threat to the
community.  As acknowledged by the court, the defendant has a
disturbing criminal record that includes "seven convictions for
assault and battery... [and] convictions for malicious
destruction of property, knowingly receiving stolen property,

3

possession of a Class D substance, and being a disorderly person (six convictions).  Most troubling is that "on least two occasions, the defendant has assaulted individuals for no apparent reason (one victim apparently looked towards Mr. Allen who was creating a disturbance and thereafter, was beaten)."  One of the defendant's victims was beaten so badly, he had to undergo reconstructive surgery to his face (which included the installation of metal plates in his face.)

The united States respectfully submits that the defendant is not a suitable candidate for a lessening of the reasonable restrictions placed upon him by the Court, and asks this honorable court to deny the defendant's motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By: */s/ David G. Tobin*
DAVID G. TOBIN
Assistant U.S. Attorney

May 2, 2005

4

<u>CERTIFICATE OF SERVICE</u>

I, David G. Tobin, do hereby certify that a copy of the foregoing was served by mail on counsel for the defendant, Stephen D. Judge, Esq., on August 11, 2004.

DAVID G. TOBIN
ASSISTANT UNITED STATES ATTORNEY