UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

_____

UNITED STATES

v.

JOSEPH ALLEN

_____

**DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE TO ELIMINATE HOME INCARCERATION AND ELECTRONIC MONITORING**

Joseph Allen, the defendant in the above-captioned criminal case, hereby moves this Court, pursuant to 18 U.S.C. § 3142(c)(3), to modify his conditions of release. Specifically, the defendant moves that the Court eliminate the requirements of home incarceration and electronic monitoring. As grounds therefore, the defendant avers as follows:

1. Defendant Joseph Allen ["Allen"] was charged in a sealed complaint and arrested on June 29, 2004. The complaint alleged that he participated in a conspiracy to distribute Oxycontin.

2. On July 12, 2004, Magistrate Judge Swartwood entered an order of detention respecting Allen. Allen remained in custody until August 9, 2004, when the Court granted Allen's motion to revoke the detention order and released him on conditions, including home incarceration and electronic monitoring.

3. Allen was indicted for the same offenses on September 22, 2004. Discovery proceedings in the case are ongoing. The next court hearing in the case is scheduled for May 19, 2005 before Magistrate Judge Swartwood. No trial date has been set.

4. Since his release approximately nine months ago, Allen has complied fully with his conditions of release. Based upon previous modifications of release conditions allowed by the Court, Allen is currently attending four Narcotics Anonymous meetings per week in his hometown of Gloucester. He is also permitted to participate in family activities outside his home on Saturdays, 9:00 a.m. to 5:00 p.m.

5. Electronic Monitoring Specialist Christopher Wylie of the Pretrial Services Office has advised undersigned counsel and authorized counsel to advise the Court that he would support changing Mr. Allen's bail conditions by eliminating the home detention/electronic monitoring condition and imposing, in lieu thereof, a requirement that Mr. Allen report to Pretrial twice per week by telephone.

6. In light of the protracted period of time which Mr. Allen has already spent under the strictest conditions of release, the likely protracted period of time which remains until trial, the constructive activities he is presently participating in, and his excellent record of compliance to date, the conditions of home incarceration and electronic monitoring are no longer necessary to assure Allen's appearance in court as required

and the safety of the community. These conditions impose unnecessary and excessive restrictions upon him with no reasonable end in sight. Accordingly, under all of the circumstances, it is fair and reasonable that his conditions of release be modified at this point to eliminate home incarceration and electronic monitoring.

        Respectfully submitted,

        **JOSEPH ALLEN**

        By his attorney,


        ____/s/James L. Sultan_____
        James L. Sultan, BB0 #488400
        Rankin & Sultan
        One Commercial Wharf North
        Boston, MA 02110
        (617) 720-0011

May 13, 2005