UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

_____

UNITED STATES

v.

JOSEPH ALLEN

_____

**AFFIDAVIT OF JAMES L. SULTAN IN SUPPORT OF
DEFENDANT'S MEMORANDUM OPPOSING
REVOCATION OF PRETRIAL RELEASE ORDER**

James L. Sultan, being duly sworn according to law, hereby deposes and says as follows:

1. I am a member in good standing of the Bar of this Court and counsel to the defendant in the above-captioned criminal case. I make this affidavit based upon personal knowledge.

2. At approximately 6:00 p.m. on September 26, 2005, I received a phone call from my client, Joseph Allen. Allen reported that he had broken a window at the treatment program at Spectrum House and that he had been informed that he was going to be terminated immediately as a result of that infraction. Mr. Allen was upset, expressed remorse for breaking the window, and indicted his strong desire to stay in the program since he had already put so much time and effort in seeking to break his addiction to drugs. I urged Allen to work with the staff in an effort to avoid termination.

3. Allen called me back several times between approximately 6:30 p.m. and 8:00 p.m., ultimately indicating that his efforts had been fruitless and that he understood that he was being terminated forthwith. I told Allen that if he was, in fact, terminated, he should immediately go home to his residence in Gloucester and remain there pending further instructions from Pretrial Services.

4. During the same time span, I sought to contact Pretrial Services to explain what was going on and to seek further instructions. There was no answer at the Pretrial Services phone number. I recall leaving separate voicemail messages for Pretrial Services Officer Judith A. Oxford and for Chief Pretrial Services Officer John R. Riley. In those messages, I explained what Mr. Allen had related and that he would be returning to his home in Gloucester pending further instructions from Pretrial Services. I did not receive a call back on September 26th.

5. I did speak to Pretrial Services Officer Oxford on September 27th. Officer Oxford stated that she had been in touch with Allen and that she was in the process of investigating what had occurred the previous evening.

6. I spoke again with Officer Oxford on the morning of September 28th. She told me that she wanted to see Allen in her office that day. She also discussed with me the possibility of scheduling a hearing before the Court on the following day, September 29th, to address Allen's bail status.

7. I called Allen and asked him to come to my office on the morning of September 28th. He arrived at approximately 11:30 a.m. I then accompanied Allen to the Pretrial Services Office at the courthouse. Upon arrival, Allen was drug-tested by Chief

Pretrial Services Officer Riley, who told me that Allen was "clean." Allen was then taken into custody pursuant to a warrant which had apparently been issued at the request of Officer Oxford. Later that day, I was informed by Chief Riley that Spectrum House was refusing to accept Allen back into the program.

Signed and sworn to under the pains and penalties of perjury this 30th day of September 2005.

                                                                                     /s/James L. Sultan
                                                                                      James L. Sultan

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing document upon the government by e-mailing it to AUSA David Tobin at David.Tobin@usdoj.gov; Chief Pretrial Services Officer John R. Riley at John_Riley@map.uscourts.gov; and to Pretrial Services officer Judith Oxford at Judth._Oxford@map.uscourts.gov on September 30, 2005.

                                                                          /s/ James L. Sultan