UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10288-RWZ

UNITED STATES OF AMERICA

v.

JOSEPH ALLEN

ORDER

November 17, 2005

ZOBEL, D.J.

Defendant has filed a motion to revoke the detention order entered by Chief Magistrate Judge Swartwood on October 5, 2005. (See Order, Docket No. 248). When reviewing the findings of a magistrate judge with respect to pretrial detention, I am required to "engage in de novo review of the contested order," United States v. Pierce, 107 F. Supp. 2d 126, 128 (D. Mass. 2000), and have therefore carefully examined the parties' papers as well as the tape of the detention hearing held before Magistrate Judge Swartwood on October 3, 2005. The motion is denied.

On August 9, 2004, I released defendant from an initial order of detention, subject to strict conditions that included random drug testing. After testing positive for drug use in July 2005, defendant's conditions of release were modified to allow for his participation in a residential drug treatment program at Spectrum House, where he was admitted on July 29, 2005. Less than two months later, on September 26, 2005, defendant broke a window by throwing a milk carton at it. Later that same day, defendant left Spectrum House without authorization, and it was this unauthorized

departure that ultimately led to his most recent detention.

Defendant's unauthorized departure from Spectrum House is not the only factor informing my decision. The Pretrial Services officer and the Spectrum House employee who worked with defendant both testified (1) that defendant had a negative attitude toward treatment at Spectrum House from the beginning, initially refusing to enter the residential program; (2) that he declined to participate in group discussions and was generally unresponsive to Spectrum House programs; and (3) that defendant would not be welcome back at Spectrum House at any time. Furthermore, defendant exhibited aggressive behavior during his stay at Spectrum House, including an altercation with another resident that led to a termination warning, and inappropriate contact with other residents. Finally, the record suggests that defendant has lied about his departure from Spectrum House, telling his attorney and Pretrial Services that he left because he had been terminated, when he had not been terminated, and was in fact expressly told it was unlikely that he would be terminated for having broken the window. These factors all lead me to conclude that "no condition or combination of conditions of release . . . will assure that [defendant] will not flee or pose a danger to the safety of any other person in the community." 18 U.S.C. § 3148(b)(1)(A).

Accordingly, defendant's motion to revoke the order of detention (#258 on the docket) is denied.

November 17, 2005
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE