UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

_____

UNITED STATES

v.

JOSEPH ALLEN

_____

**DEFENDANT'S MOTION FOR A SPEEDY TRIAL**

Joseph Allen, defendant in the above-captioned criminal case, hereby moves this Court, pursuant to 18 U.S.C. § 3161(a), and the Fifth, Sixth, and Eighth Amendments to the United States Constitution, to order trial to commence as soon as possible. As grounds therefore, defendant avers as follows:

1. Defendant Joseph Allen ["Allen"] and a number of other defendants were charged in a criminal complaint on June 29, 2004 with conspiracy to distribute Oxycodone and substantive distribution of Oxycodone in violation of 21 U.S.C. §§841(a)(1) and 846. Allen, who was charged with conspiracy and a single substantive count, was initially detained by order of the Court (Swartwood, M.J.) (Docket No.47, entered 7/12/04).

2. In his decision, Magistrate Judge Swartwood characterized the evidence against Allen as "circumstantial and based on inference." *Id.* at 7. The Magistrate Judge noted that if the standard to be applied was proof beyond a reasonable doubt, "it is

questionable whether the evidence before me would be sufficient to find that Mr. Allen was a member of this conspiracy." *Id.* at 8. In sum, the Court found the weight of the evidence against Allen was "less than substantial." *Id.* at 15. After reviewing Allen's personal history, Magistrate Judge Swartwood concluded that he was not a risk of flight. *Id.* at 19. Nevertheless, due to his prior criminal record, the Court ordered that Allen be detained pending trial.

3. On August 9, 2004, this Court (Zobel, J.) allowed Allen's motion to revoke the detention order, following a hearing. Allen was released on that date on stringent conditions, including electronic monitoring, following six weeks of detention (Docket No. 78).

4. An indictment was returned on September 22, 2004 charging Allen with conspiracy (count 1) and one substantive count of distribution (count 16)

5. On September 28, 2005, Allen was arrested on a warrant charging him with violating his conditions of pretrial release. Following a revocation hearing, Magistrate Judge Swartwood entered a memorandum and order on October 5, 2005 revoking Allen's release and ordering him detained pending trial (Docket No.248).

6. On November 17, 2005, this Court (Zobel, J.) entered a written order denying Allen's motion to revoke the detention order. Absent reconsideration of that order or appellate relief, Allen will presumably remain in custody pending trial.

7. Trial in this case is presently scheduled to commence on April 6, 2006. By that date, Allen will have served a total of more than 7 months in jail, nearly 12 months on house arrest with electronic monitoring, and 2 months in a residential drug treatment

       facility, all while awaiting trial in this case. None of those deprivations of liberty can be rectified, whatever the eventual outcome of the trial may be.

8. The last discovery order in this case was entered by the Court (Swartwood, M.J.) on June 2, 2005. Based upon undersigned counsel's review of the docket, no substantive motions have been filed by any party since that date. With the exception of several motions by the government to exclude time, no motions appear to be pending with respect to any defendant in this multi-defendant case.

9. Under the circumstances, it is unfair to require defendant Allen to sit in jail until next April before going to trial. Under the Speedy Trial Act, the ends of justice are surely not served by such a lengthy delay. Based upon the paucity of evidence against Allen produced by the government in discovery to date, his protracted detention would violate his right to due process under the Fifth Amendment and his right to a speedy trial under the Sixth Amendment. Moreover, under the circumstances presented here, his protracted detention constitutes cruel and unusual punishment proscribed by the Eighth Amendment to the Constitution.

WHEREFORE, defendant moves that the Court reschedule his trial to an earlier date or, in the alternative, that the Court release the defendant on appropriate conditions pending trial.

        Respectfully submitted,

        **JOSEPH ALLEN**

        By his attorneys,


         /s/ James L. Sultan
        James L. Sultan, BBO #488400
        Jonathan Harwell, BBO #662764
        Rankin & Sultan
        One Commercial Wharf North
        Boston, MA 02110
        (617) 720-0011

November 23, 2005