UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

_____

UNITED STATES

v.

JOSEPH ALLEN

_____

**DEFENDANT'S MOTION TO COMPEL**

Joseph Allen ["Allen"], the defendant in the above-captioned criminal case, hereby moves this Court to compel the government to produce the discovery specified below forthwith. The government has been ordered to or has agreed to provide the requested discovery, yet has failed to meet the applicable deadline. This discovery is necessary for the defendant to properly prepare for trial, scheduled to begin in less than two weeks!

**I.     ITEMIZATION OF AUDIO AND VIDEO RECORDINGS AND TRANSCRIPTS.**

In the Joint Motion for Discovery, the defendant sought "a list of the particular video and audio recordings it [the government] intends to introduce into evidence .. against each specific defendant." (Docket No. 189 at 14). The defendant noted that it was important that he be given notice of which of the many recordings the government would seek to use at trial, so he could file motions to exclude such tapes, if warranted. Neither he nor the Court should have to expend unnecessary time addressing recordings that the government has no intention of offering at trial. In his order on discovery, Magistrate Judge Swartwood ordered the government to produce the requested itemized list twenty-one days prior to trial. (Docket No. 210 at 7).

In a March 14, 2006 letter, the government wrote: "At this time, the United States has not determined which of the recordings it intends to introduce at trial... The United States reserves the right to introduce into evidence all video and audio recordings previously identified...." The government also indicated that it was preparing transcripts of the recordings it would introduce at trial.

This response is grossly inadequate. There is no reason that the government cannot now determine which recordings it intends to offer at trial. The government has willfully ignored the magistrate judge's discovery order.[1] The government should be ordered to comply with that order forthwith. Moreover, the government should be ordered to provide the defendant with any transcripts that it intends to use at trial forthwith, so that the defendant has sufficient time to independently evaluate the correctness of the transcripts.

## II.    CO-CONSPIRATOR STATEMENTS.

In the joint motion for discovery, the defendant requested that he be provided with "all statements by any co-defendant which the government intends to offer into evidence at trial as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E)." (Docket No. 189 at 15). In his order, Magistrate Judge Swartwood ordered that this disclosure be made forty-five days prior to trial. (Docket No. 210 at 7).

In a March 1, 2006 letter to the defendant, the government stated: "Additionally, please be

---

[1] The government, in its submission to the magistrate judge, suggested that ten days prior to trial was an appropriate deadline. The magistrate judge rejected that position, and ordered production twenty-one days prior to trial. Rather than appeal the magistrate judge's order, the government simply ignored it, and has not produced the materials as ordered even though trial is now less than ten business days away.

advised that the United States has previously provided to the defense statements made by co-conspirators made during the course of the conspiracy that it intends to offer into evidence at trial." This response is grossly insufficient. The government has given no notice of its intention to use any specific statement against the defendant. The purpose of the requested discovery is to enable the defendant to challenge the admissibility of such statements, if warranted, by means of a motion *in limine*. Otherwise, the defendant would have to identify every possible co-conspirator statement that the government might conceivably attempt to introduce and file a multitude of motions *in limine* addressing each of those statements. The government has not told Allen which co-conspirator statements it intends to introduce against him, even though the forty-five day deadline is long past, and should be ordered to do so forthwith or be precluded from introducing any such statements at trial.

### III.  SUMMARY OF EXPERT TESTIMONY OF STEVEN STORY.

The magistrate judge ordered that expert witness summaries, pursuant to Fed. R. Crim. P. 16(a)(1)(G), be provided thirty days prior to trial. On March 6, 2006, the government sent a letter to the defendant, stating in pertinent part as follows:

> The United States anticipates that Drug Enforcement Administration Special Agent Steven Story will testify as to the [*sic*] his training and experience in the area of law enforcement and specifically with regard to the illegal narcotics trade. Special Agent Story will further testify as to the practices routinely used by drug dealers, couriers, and other associated in the illegal drug business in order to facilitate the sale of illegal drugs and to protect themselves from detection and arrest by the police. Special Agent Story's training, experience, and qualifications were provided to you in the affidavit filed with the Court in order to obtain a criminal complaint in this case.

This disclosure falls far short of the requirements of Fed. R. Crim. P. 16.

Rule 16(a)(1)(G) requires that the government provide a summary that "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualification." While the government has identified the **subject area** of the expert's testimony, it has given absolutely no information regarding the actual **opinions** that he will offer. The summary says that he will testify as to certain routine practices, yet fails to specify what those practices are. Without knowing what Agent Story will testify to, and knowing only the general areas he will testify about, there is no way that the defendant can prepare an appropriate motion *in limine* to address such testimony. The government should therefore be ordered to provide an adequate summary of Agent Story's anticipated expert testimony that complies with Rule 16 or be precluded from calling him as an expert witness at trial.

### IV.    18 U.S.C. §3500 MATERIALS.

In its response to the joint motion for discovery, the government wrote: "The United States has provided most, if not all, Jencks Act materials, **and will provide any remaining Jencks Act materials fourteen days prior to trial.**" (Docket No. 203 at 6-7) (emphasis supplied). Though this deadline has passed, the defendant has not received §3500 materials for a number of the individuals on the government's witness list. The government should be ordered to fulfill its stated obligation forthwith.

V.  **DEA REPORT REGARDING JOSEPH BALDASSANO'S POST-ARREST STATEMENT.**

In the joint motion for discovery, the defendant sought disclosure of all reports prepared by percipient law enforcement officers. (Docket No. 189 at 12-13). The magistrate judge ordered such disclosure thirty days prior to trial. (Docket No. 210 at 7). On March 6, 2006, the government sent a letter to the defendant, contending that previously-provided discovery "included all agent reports that had been completed."

The defendant has been provided with a report authored by Special Agent Kevin Sawyer detailing the arrest of, among others, co-defendant Joseph Baldassano. (DEA Report prepared 7/6/04, Bates 00187). This report states, in part:

> Joseph BALDASSANO indicated to S/A's Sawyer and Story that he would cooperate with Agents. Reference is made to DEA-6 Report of Investigation by S/A Story re: Post Arrest Statement of BALDASSANO on 6-29-2004.

The defendant has not been provided a copy of this report by Agent Story. This Court should therefore order that a copy of said report be provided to the defendant forthwith. In light of the fact that Baldassano is cooperating with the government and will likely testify at trial, the importance of this report is self-evident.

VI.  **CRIMINAL RECORDS OF GOVERNMENT WITNESSES.**

Pursuant to Local Rule 1166.2(b)(1)(d), the government was required to disclose to the defendant, within twenty-eight days of **arraignment**, the criminal record of any witness whom the government anticipates calling in its case-in-chief. While the government has done this for some witnesses, it has not done so for all witnesses. It should be ordered to provide the criminal records

of all its witnesses forthwith, or be precluded from calling those witnesses at trial.

**VII.     PROMISES, REWARDS, AND INDUCEMENTS.**

Pursuant to Local Rule 116.2(B)(1)(c), the government is required to provide, within twenty-eight days of arraignment, a "statement whether any promise, reward, or inducement has been given to any witness whom the government anticipates calling in its case-in-chief, identifying by name each such witness and each promise, reward, or inducement, and a copy of any promise, reward, or inducement reduced to writing."  While the government has indicated that it anticipates calling at least one and possibly two cooperating co-defendants in this case, the defendant has not been given any information regarding any promises, rewards, or inducements for those individuals, or anyone else the government plans to call at trial.  The government should be ordered to provide the required information forthwith, or be precluded from calling the witnesses to testify at trial.

>                         Respectfully submitted,
>                         **JOSEPH ALLEN**
>                         By his attorneys,
>
>                           /s/ James L. Sultan
>                         James L. Sultan, BBO #488400
>                         Jonathan Harwell, BBO #662764
>                         Rankin & Sultan
>                         151 Merrimac Street
>                         Boston, MA 02114
>                         (617) 720-0011

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 20, 2006.

                                          /s/ James L. Sultan
                                          James L. Sultan