UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>JOSEPH ALLEN,  )<br>Defendant  )<br>) | CRIMINAL NO. 04-10288-RWZ |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTIONS TO COMPEL AND FOR DISCOVERY

Now comes the United States, by its attorneys, Michael J. Sullivan, United States Attorney, and David G. Tobin, Assistant U.S. Attorney, and hereby responds to defendant's motions to compel and for discovery. The following responses correspond to the defendant's requests in his Motion to Compel.

**I. ITEMIZATION OF AUDIO AND VIDEO RECORDINGS AND TRANSCRIPTS.**

On March 22, 2006, the government filed with the Court Notice of Intent to Introduce Into Evidence Particular Audio and Video Recordings.

**II.  CO-CONSPIRATOR STATEMENTS**

The defendants' joint motion for discovery requested "all statements by any co-defendant which the government intends to offer into evidence at trial as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E)." The government has complied with this request and the related order of Magistrate Judge Swartwood. On November 26, 2004, the government provided the defendant with all DEA Reports of Investigation detailing

statements made by co-conspirators during the pendency of the investigation, as well as access to all audio tapes made of co-conspirator statements.  The government reserves the right to introduce any or all of the co-conspirator statements previously provided to the defendant.  The defendant has had the statements since November 26, 2004, which is sufficient time for the defendant to determine which statements he will attempt to suppress.  The undersigned knows of no rule of discovery or Order of this Court which requires the government to specify which of the many admissible pieces of evidence it will attempt to introduce at trial. Events at trial may require the introduction of co-conspirator statements that the government had not intended to introduce.

The government understands its ongoing discovery obligations and will immediately provide the defendant with any additional co-conspirator statements of which it becomes aware during witness preparation and which the government intends to introduce at trial.

**III. SUMMARY OF EXPERT TESTIMONY OF STEVEN STORY**

At this time, the government does not anticipate that Special Agent Steven Story will testify as an expert witness.

**IV. 18 U.S.C. §3500 MATERIALS**

The government believes that it has fully complied with its discovery obligations under 18 U.S.C. §3500.

**V. DEA REPORT REGARDING JOSEPH BALDASSANO'S POST-ARREST STATEMENT**

In a Report of Investigation prepared by Special Agent Kevin Sawyer on July 6, 2004, he mistakenly referred to a report prepared by Special Agent Steven Story pertaining to the defendant. No such report was prepared by Special Agent Story.

**VI.   CRIMINAL RECORDS OF GOVERNMENT WITNESSES**

On or about March 14, 2006, the undersigned sent the attorney for the defendant the criminal records of approximately eleven civilian witnesses who appear on the government's witness list. On or about March 15, 2006, the undersigned sent the criminal records for the government's remaining civilian witnesses to the defendant's attorney by courier. On or about March 16, 2006, the undersigned was informed by the attorney for the defendant that he had not received the criminal records for the second group of government witnesses.

An employee of the U.S. Attorney's Office consulted with the courier company and was informed that the courier had attempted to make the delivery the night before but the attorney's office was closed. The undersigned instructed the same employee of the U.S. Attorney's Office to have the criminal records delivered again that day. The undersigned left for a previously out-of-state vacation later that day, with the belief that the remaining criminal records were to be delivered to the defendant's attorney.

Upon returning to work on March 23, 2006, the undersigned was informed by the defendant's attorney that he had not received the second group of criminal records. Upon investigating the situation, the undersigned has concluded that the courier was dispatched to the former office location of the defendant's attorney. Apparently, the Lawyers Diary, from which the attorney's address was obtained, listed the former location of the attorney's firm. The criminal records for the second group of civilian witnesses were received by Attorney Sultan subsequent to the filing on his Motion to Compel.

**VII. PROMISES, REWARDS, AND INDUCEMENTS**

The undersigned has informed the attorney for the defendant on several occasions that the government intends to call co-defendant Joseph Baldassano as a witness and that it is expected Mr. Baldassano will testify pursuant to a Plea Agreement with the United States. As previously reported to counsel, the Plea Agreement has not been finalized, but will be provided to counsel as soon as it has been executed. During an interview with Jeffrey Joseph King, a civilian witness identified on the government's witness list, the undersigned informed Mr. King that he would not be called to testify unless the government has first secured immunity for him. The undersigned is unaware of any additional promises, rewards, or inducements made to any government witness.

The following responses correspond to the defendant's Motion for discovery filed on March 23, 2006.

I. **FULL STATEMENT BY JOSEPH BALDASSANO DURING DEBRIEFING ON MARCH 14, 2006**

On March 14, 2006, the government provided the defense with portions of Mr. Baldassano's oral statement made on or about March 14, 2006, which the government considered to be potentially exculpatory, or which discussed potential bad acts by the defendant. The defendant has requested "the entirety of Baldassano's statements during the debriefing," as well as any notes made by the prosecutor or agents made during the course of the debriefing.

The government rejects the defendant's contention that he is entitled to the entirety of Mr. Baldassano's statement, as well as the defendant's contention that he is entitled to notes taken by the prosecutor or agents during the debriefing. The defendant is not entitled to the entirety of Mr. Baldassano's statement. The portion of the statement that might be exculpatory has been turned over, as well the portion of the statement pertaining to the defendant's willingness to collect debts owed to Mr. Baldassano. The portion of the statement pertaining to collecting debts was provided to the defendant as notice that the government intends to introduce such evidence as a prior bad act.

The defendant is not entitled to notes taken during the

debriefing by the prosecutor or agents.  The government previously informed counsel for the defendant that it will provide counsel with agent notes.  The government is willing to provide counsel with the agents' notes, although disclosure is not required.  The government does not intend to turn over any notes taken by the prosecutor.

**II. ALL RELEVANT INVESTIGATION AND INTERVIEW NOTES OF LAW ENFORCEMENT OFFICERS, III. ALL WITNESS STATEMENTS CONTAINED IN NOTES OF LAW ENFORCEMENT OFFICERS & III. ALL NOTES OF GOVERNMENT AGENTS THAT WILL TESTIFY AT TRIAL**

The government contends that the defendant is not entitled to the requested notes.  However, the undersigned has informed counsel for the defendant that the government intends to turn over all pertinent agent notes.  Redactions will be made to ensure the confidentiality of any material that may impact other investigations.

**V.   DETAILS REGARDING THE GOVERNMENT'S ELEVENTH-HOUR ALLEGATION THAT ALLEN "PRESSURED" AN INDIVIDUAL TO PAY BALDASSANO**

The government knows of no applicable rule or Court decision requiring it to outline its case-in-chief or the inculpatory evidence it intends to offer at trial.  The government provided the defendant with virtually every report in its possession at the very beginning of discovery in this case.  Moreover, the government has agree to provide counsel with notes taken by agents, although such disclosure is not required.  Counsel's attack on the character of the prosecutor is unfortunate and

6

unfounded. The defendant cites no authority requiring the government to provide any additional information pertaining to the defendant's attempt to secure repayment of debts owed to Mr. Baldassano.

**VI. INFORMATION REGARDING OTHER PROSECUTION WITNESSES**

The defendant is not entitled to the information requested. Counsel for the defendant has the services of an investigator, who may be employed to interview the witnesses listed in counsel's motion.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/David G. Tobin
>DAVID G. TOBIN
>Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

>/s/ David G. Tobin
>David G. Tobin
>Assistant United States Attorney

Date: March 28, 2006