UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 04-10288-RWZ |
| v. | ) | |
| | ) | |
| CARLOS ESPINOLA, ET AL., | ) | |
| Defendants | ) | |
| | ) | |

**Government's Motion To Exclude The Period From
September 22, 2004 To And Including July 12, 2006
From The Time Within Which This Case Must Be
Tried Under The Speedy Trial Act**

The United States of America, by Michael J. Sullivan, United
States Attorney, and Michael J. Pelgro, Assistant U.S. Attorney,
hereby files this motion to exclude the period from September 22,
2004 to and including July 12, 2006 from the time within which
this case must be tried under the Speedy Trial Act.  As set forth
more fully below, the government submits that all of the time
from the return of the indictment on September 22, 2004 to and
including July 12, 2006 is excludable under the Speedy Trial Act,
18 U.S.C. §§ 3161 *et seq.* and that no non-excludable time has run
on the 70-day trial clock set forth in 18 U.S.C. § 3161(c)(1).

The government submits that the numerous pretrial motions
filed by the defendants have caused the time to be excluded by
operation of 18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).  *See*
Henderson v. United States, 476 U.S. 321, 322, 328-29, 331
(1986)(holding that subsection (F) excludes the entire period
between the filing of a pretrial motion and the conclusion of the
hearing on that motion while subsection (J) excludes up to 30

days after a district court has taken the motion under
advisement; for motions decided on the papers without a hearing,
subsection (J) excludes up to 30 days and no more); United States
v. Scott, 270 F.3d 30, 53-57 (1st Cir. 2001); United States v.
Barnes, 159 F.3d 4, 11-12 (1st Cir. 1998); United States v.
Staula, 80 F.3d 596, 601 (1st Cir. 1996).  In addition, there
have been "proceedings" before this Court or the Magistrate Judge
that are excludable pursuant to 18 U.S.C. § 3161(h)(1).  *See*
Barnes, 159 F.3d at 10; United States v. Santiago-Becerril, 130
F.3d 11, 16 (1st Cir. 1997).  Finally, it is well-settled that an
exclusion of time attributable to one defendant is applicable for
all co-defendants pursuant to 18 U.S.C. § 3161(h)(7).  *See*
Barnes, 159 F.3d at 10; United States v. Barbes, 251 F.3d 251,
257-59 (1st Cir. 2001).

     The government recognizes that the 70-day trial clock set
forth in § 3161(c)(1) starts to run "from the filing date (and
making public) of the information or indictment, or from the date
the defendant has appeared before a judicial officer of the court
in which such charge is pending, whichever date last occurs."
Thus, in this case, the 70-day clock began to run on October 5,
2004 since the defendants were arraigned on October 4, 2004.  The
government submits, however, that the time from the filing of the
indictment on September 22, 2004 is also excludable and thus its
motion encompasses that period as well.  For ease of reference,

the government has broken down the blocks of time corresponding,
*inter alia,* to the various pretrial motions filed by the
defendants and/or certain proceedings in the case.[1]

The government submits that the following periods of time
are excluded under the Speedy Trial Act:

**September 22, 2004.**

The unsealed indictment was returned on this date [Docket
Entry ("DE") 90] and is excludable as a "proceeding" involving
the defendants.  18 U.S.C. § 3161(h)(1).

**September 23, 2004 to and including December 8, 2004.**

Defendant Carlos Espinola's motion to dismiss the complaint
[DE 130 and 131] was filed on 9/23/04, was argued at a hearing
before MJ Swartwood on 11/15/04, and was denied by MJ Swartwood
on 12/8/04 [DE 132].  18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**September 15, 2004 to and including December 8, 2004.**

Defendant Joseph Allen's motion to dismiss the complaint [DE
87 and 88] was filed on 9/15/04.  The government filed
oppositions to the motion on 10/8/04 and 10/15/04 [DE 103 and
108].  The motion was argued at a hearing before MJ Swartwood on
11/15/04 and was denied by MJ Swartwood on 12/8/04 [DE 132].  18
U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

---

[1]The government has not attempted to incorporate all of the
pretrial motions filed by all of the defendants.  Rather, it has
chosen certain pretrial motions that encompass the relevant time
periods.  There were many others.

**October 4, 2004 to and including October 18, 2004.**

The defendants were arraigned on October 4, 2004 and they all requested time to receive discovery and prepare their cases. MJ Swartwood entered an Order excluding the above period of time pursuant to Local Rule 112.2(A)(2) and 18 U.S.C. § 3161(h)(8). There were no objections from the defendants.

**October 15, 2004 to and including November 14, 2004.**

Defendant Joseph Allen's motion to dismiss the indictment [DE 109 and 110] was filed on 10/15/04. The government cannot find a ruling on the motion in the docket entries and therefore has excluded 30 days. 18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**October 21, 2004 to and including December 20, 2004.**

Defendant Carlos Espinola's motion to revoke MJ Swartwood's detention order [DE 112 and 117] was filed on 10/21/04. There was a hearing on this motion on 12/20/04 before the Court, which granted the motion and ordered the defendant released on various conditions [DE 136].

**October 21, 2004 to and including January 3, 2005.**

Defendant Carlos Espinola's motion to dismiss the indictment was filed on 10/21/04 [DE 113 and 118]. The motion was denied by the Court on January 3, 2005. 18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**October 18, 2004 to and including January 27, 2005.**

On November 15, 2004, the defendants appeared before MJ

Swartwood for a status conference and requested more time to review discovery and prepare their cases.  MJ Swartwood entered an Order excluding the above period of time [DE 125].  There were no objections from the defendants.

**December 3, 2004 to and including December 9, 2004.**

Defendant Joseph Allen's motion to modify the conditions of release [DE 129] was filed on 12/3/04 and was allowed by the Court on 12/9/04.  18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**December 16, 2004 to and including December 20, 2004.**

Defendant Joseph Allen's motion to modify the conditions of release [DE 134] was filed on 12/16/04 and was terminated by the Court on 12/20/04.  18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**December 20, 2004.**

Defendant Joseph Allen's motion to modify the conditions of release [DE 138] was filed and allowed by the Court on 12/20/04. 18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**December 22, 2004 to and including December 30, 2004.**

Defendant Joseph Allen's motion to receive advance notice from the Court respecting all hearings involving co-defendants [DE 39] was filed on 12/22/04 and was allowed by the Court on 12/30/04.  18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**January 10, 2005 to and including January 13, 2005.**

Defendant Joseph Allen's motion to modify the conditions of release [DE 141] was filed on 1/10/05 and was allowed by the

Court on 1/13/05.   18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**January 25, 2005 to and including January 27, 2005.**

Defendant Joseph Allen's motion to modify the conditions of release [DE 142] was filed on 1/25/05 and was allowed by the Court on 1/27/05.   18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**January 25, 2005 to and including March 18, 2005.**

On January 27, 2005, the defendants appeared before MJ Swartwood for a status conference and requested more time to review discovery and prepare their cases.   MJ Swartwood also allowed the defendants' request that they be given additional time within which to file discovery motions and ordered that all such defense motions be filed on 3/4/05 and that the government file its response on 3/18/05 [DE 145].   MJ Swartwood entered an Order excluding the above period of time [DE 146].   There were no objections from the defendants.

**February 7, 2005 to and including May 10, 2005.**

On 2/7/05, defendant Archibald MacLeod filed a motion to strike surplusage from the indictment [DE 149].   From 2/14/05 through 3/11/05, the other defendants either filed motions to join in defendant MacLeod's motion or filed similar motions [DE 153, 156, 157, 158, 161, 165, 175, and 176].   The government filed a consolidated response to the motions on 4/11/05 [DE 188]. The government cannot locate an Order on this motion in the docket entries and thus has capped it at 30 days.   18 U.S.C.

§ 3161(h)(1)(F) and (h)(1)(J).

**February 24, 2005 to and including June 15, 2005.**

On 2/24/05, defendant Keith Behsman pleaded guilty and the Court ordered that a Presentence Report be prepared and that the sentencing be continued to 5/10/05 [DE 164].  On 3/18/05, the defendant filed a motion to continue the sentencing hearing [DE 180], which was allowed by the Court on 3/22/05.  The sentencing was re-scheduled to 6/9/05.  The sentencing occurred on 6/9/05 and the Judgment was docketed on 6/15/05 [DE 215].  The delay occasioned by these "proceedings" for defendant Keith Behsman is excludable as to all defendants pursuant to 18 U.S.C. § 3161(h)(7).

**March 18, 2005 to and including May 19, 2005.**

On 4/13/05, MJ Swartwood conducted a further status conference in this case and noted the pendency of the defendants' joint motion for discovery (see below)[DE 191].  MJ Swartwood entered an Order excluding the above period of time under the Speedy Trial Act [DE 191].  There were no objections.

**April 13, 2005 to and including June 2, 2005.**

On 4/13/05, defendants Carlos Espinola, Joseph Allen, James Gardner, and Philip Albert filed a joint motion for discovery [DE 189].  On 4/14/05, 4/19/05, and 4/20/05, other defendants filed motions to join in the joint motion for discovery [DE 190, 195, 196, and 199].  The government filed a consolidated response on

5/3/05 [DE 203].  Defendant Joseph Allen filed a reply to the government's response on 5/9/05 [DE 205].  On 5/19/05, MJ Swartwood conducted a hearing on the motion and took it under advisement.  On 6/2/05, MJ Swartwood issued an Order allowing the motion in part and denying it in part [DE 210].  18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**April 6, 2005 to and including September 19, 2005.**

On 4/6/05, defendant Guiseppe Torrente pleaded guilty and the Court subsequently scheduled his sentencing for 7/28/05 [DE 207].  On 7/13/05, the defendant filed a motion to continue the defendant's sentencing hearing [DE 219].  On 7/15/05, the Court granted the motion and re-scheduled the sentencing for 9/15/05. On 9/15/05, the Court conducted a hearing and continued the sentencing to 9/19/05.  On 9/19/05, the Court sentenced this defendant and issued the Judgment.  The delay occasioned by these "proceedings" for defendant Guiseppe Torrente is excludable as to all defendants pursuant to 18 U.S.C. § 3161(h)(7).

**May 13, 2005 to and including June 8, 2005.**

On 5/13/05, defendant Joseph Allen filed a motion to modify the conditions of release [DE 206].  On 6/3/05, the government filed an opposition to the motion [DE 212].  On 6/8/05, MJ Swartwood denied the motion.  18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**May 19, 2005 to and including June 21, 2005.**

On 6/22/05, MJ Swartwood conducted the final status
conference in this case and noted that all discovery issues had
been resolved on 6/21/05 [DE 217].  MJ Swartwood entered an Order
excluding the above period [DE 218].  There were no objections.[2]

**June 7, 2005 to and including June 8, 2005.**

On 6/7/05, defendant Joseph Allen filed a motion to modify
the conditions of release [DE 213].  On 6/8/05, MJ Swartwood
allowed the motion.  18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**July 15, 2005 to and including July 21, 2005.**

On 7/15/05, defendant Philip Albert filed a motion to modify
the conditions of release [DE 220].  On 7/21/05, MJ Swartwood
allowed this motion.  18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**July 22, 2005 to and including August 9, 2005.**

On 7/22/05, defendant Joseph Baldassano filed a motion to
modify the conditions of release [DE 221].  On 8/9/05, the Court
allowed this motion.  18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**July 27, 2005 to and including July 28, 2005.**

On 7/27/05 and 7/28/05, MJ Swartwood conducted hearings
concerning the revocation of defendant Jonathan Mitchell's and
defendant Jared Knowlton's pretrial release.  The delay

---

[2]As observed by MJ Swartwood in his Final Status Report
dated 6/22/05 [DE 217], and as set forth above in detail, he had
excluded all of the time from the arraignment through 6/21/05
under the Speedy Trial Act.

occasioned by these "proceedings" is excludable as to all

defendants pursuant to 18 U.S.C. § 3161(h)(7).

**July 29, 2005 to and including August 10, 2005.**

On 7/29/05, defendant Jose Melo filed a motion for the

preparation of a pre-plea Presentence Report [DE 223].   On

8/10/05, the Court allowed this motion.   18 U.S.C.

§ 3161(h)(1)(F) and (h)(1)(J).

**August 2, 2005 to and including September 1, 2005.**

On 8/2/06, the government filed a motion to exclude time,

requesting that the Court order the period from 6/22/05 through

8/17/05 excluded under the Speedy Trial Act [DE 224].   The

government cannot find any entry indicating that the defendants

responded to this motion or that the Court decided it.

Accordingly, the government has counted it as 30 excludable days

under the Speedy Trial Act.   18 U.S.C. § 3161(h)(1)(F) and

(h)(1)(J).

**August 4, 2005 to and including August 31, 2005.**

On 8/4/05, 8/5/05, and 8/29/05, MJ Swartwood conducted

hearings concerning the revocation of defendant Guiseppe

Torrente's pretrial release and issued a Memorandum and Order

revoking his release on 8/31/05 [DE 236].   The delay occasioned

by these "proceedings" is excludable as to all defendants

pursuant to 18 U.S.C. § 3161(h)(7).

**August 25, 2005 to and including October 13, 2005.**

On 8/25/05, defendant Keith Behsman filed a notice of appeal
[DE 232] and his case was referred to the Court of Appeals [DE
234, 239, 247].  On 10/13/05, the Court of Appeals issued a
Mandate stating that it allowed the defendant's motion to dismiss
his appeal [DE 249].  The delay occasioned by this "proceeding"
is excludable as to all defendants pursuant to 18 U.S.C.
§ 3161(h)(7).

**September 7, 2005 to and including October 7, 2005.**

On 9/7/05, the government filed a motion to exclude time,
requesting that the Court exclude the period from 8/17/05 through
4/3/06 under the Speedy Trial Act [DE 237].  The defendants never
filed a response to this motion.  The Court allowed this motion
on 11/29/05.  However, the government believes that the period of
excludable delay occasioned by the filing of this motion should
be capped at 30 days.  18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**August 17, 2005 to and including April 3, 2006**

As stated above, on 11/29/05, the Court allowed the
government's motion to exclude this period of time under the
Speedy Trial Act.  The defendants did not oppose this motion.

**September 27, 2005 to and including October 5, 2005.**

On 9/27/05 and 10/3/05, MJ Collings and MJ Swartwood
conducted hearings concerning the revocation of pretrial release
of defendant Joseph Allen.  On 10/5/05, MJ Swartwood issued a

Memorandum and Order revoking the defendant's pretrial release
[DE 248].

**October 31, 2005 to and including November 17, 2005.**

On 10/31/05, defendant Joseph Allen filed a motion to revoke
MJ Swartwood's detention order [DE 258 and 259].  The government
filed its opposition on 11/10/05 [DE 260].  On 11/17/05, the
Court denied this motion [DE 262].  18 U.S.C. § 3161(h)(1)(F) and
(h)(1)(J).

**November 23, 2005 to and including February 3, 2006.**

On 11/23/05, defendant Joseph Allen filed a notice of appeal
from this Court's denial of his motion to revoke MJ Swartwood's
detention order [DE 263] and his case was referred to the Court
of Appeals [DE 266 and 269].  On 1/20/06, the Court of Appeals
affirmed this Court's Order and dismissed defendant Joseph
Allen's appeal [DE 270].  Mandate from the Court of Appeals was
docketed with this Court on 2/3/06 [DE 273].  The delay
occasioned by this "proceeding" is excludable as to all
defendants pursuant to 18 U.S.C. § 3161(h)(7).

**March 2, 2006.**

On 3/2/06, the Court conducted a Rule 11 hearing as to
defendant Archibald MacLeod.

**March 7, 2006 to and including March 17, 2006.**

On 3/7/06, defendant Jose Melo filed a motion for
clarification of the requirements of the safety valve provision

[DE 275]. This matter was discussed with the Court at the defendant's Rule 11 hearing on 3/17/06 although the government believes that the Court has not yet ruled on the motion. 18 U.S.C. § 3161(h)(1)(H) and (h)(1)(J).

**March 14, 2006 to and including March 28, 2006.**

On 3/14/06, defendant Joseph Allen filed an ex parte motion [DE 277]. The Court granted this motion on 3/28/06. 18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**March 17, 2006 to and including July 12, 2006.**

On March 17, 2007, defendants Matthew Cream, Jason Matthews, Jared Knowlton, Jose Melo, Jonathan Mitchell, James Gardner, and Philip Albert pleaded guilty and the Court scheduled sentencings for 4/25/06, 5/2/06, and 7/12/06 [DE 281-287]. The delay occasioned by these "proceedings" is excludable as to all defendants. 18 U.S.C. § 3161(h)(7).

**March 23, 2006 to and including April 27, 2006.**

On 3/23/06, defendant Joseph Allen filed a motion for discovery [DE 290]. The government filed a response to this motion on 3/28/06 [DE 328]. This motion was discussed with the Court at an unrecorded conference on 3/28/06. 18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**March 24, 2006 to and including March 28, 2006.**

On 3/24/06, defendant Joseph Allen filed a motion for ex parte relief [DE 293]. On 3/28/06, the Court allowed the motion.

18 U.S.C. § 3161(h)(1)(F) and (h)(1)(J).

**March 29, 2006 to and including April 30, 2006.**

On 3/29/06, defendant Joseph Allen filed a motion to revoke the detention order [DE 298].  The government filed a response on 3/30/06 [DE 302] and the defendant filed a reply to the response on 3/31/06 [DE 303].  18 U.S.C. § 3161(h)(1)(H) and (h)(1)(J).

**March 29, 2006 to and including May 11, 2006.**

On 3/29/06, defendant Archibald MacLeod pleaded guilty and the Court scheduled sentencing for 5/11/06 [DE 301].  The delay occasioned by this "proceeding" is excludable as to all defendants.  18 U.S.C. § 3161(h)(7).

Based on the foregoing, the government respectfully requests that the Court exclude the period from September 22, 2004 to and including July 12, 2006 from the time within which this case must be tried under the Speedy Trial Act.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/*Michael J. Pelgro*
Michael J. Pelgro
Assistant U.S. Attorney

DATED:    April 4, 2006.

14

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a paper copy will be sent to those indicated as non-registered participants on April 4, 2006.

/s/ *Michael J. Pelgro*
Michael J. Pelgro
Assistant U.S. Attorney