UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

_____

UNITED STATES

v.

JOSEPH ALLEN

_____

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION TO EXCLUDE THE PERIOD FROM SEPTEMBER 22, 2004
TO AND INCLUDING JULY 12, 2006 FROM THE TIME WITHIN WHICH
THIS CASE MUST BE TRIED UNDER THE SPEEDY TRIAL ACT**

The government has filed a motion requesting that the Court retroactively declare all previous time periods in this case excludable under the Speedy Trial Act. The motion also seeks to insulate future time from the ambit of that statute. The government does not merely assert that the Speedy Trial Act clock has not yet run for defendant Joseph Allen; rather, it requests that this Court declare that the clock is still at zero and will remain at zero for months to come! This motion is meritless.[1]

The government has provided the Court with its Speedy Trial Act calculations. These calculations are severely flawed. To give but one example, the government contends that sentencing hearings and continuances for co-defendants granted **after** those co-defendants have pled guilty should be attributed to this defendant. This argument is entirely unfounded.

In particular, the government argues that the time period from April 6, 2005 to September

---

[1] Were the government's time calculations correct, the government's motion would be entirely superfluous. If the time is already excluded, there is no need for the Court to again declare it so. In light of the evident flaws in the government's calculations, however, allowance of the motion would exclude time periods that should not properly be excluded.

19, 2005 should be excluded, as co-defendant Giuseppe Torrente pled guilty on April 6, had his sentencing hearing twice continued until September 19, 2005, and was sentenced on that date. *See Government's Motion to Exclude* (Docket No. 306) at 8. The government cites to 18 U.S.C. §3161(h)(7) as support for this argument. That subsection says that the following period of time is excluded:

> A reasonable period of delay when the defendant is **joined for trial with a codefendant** as to whom the time for trial has not run and no motion for severance has been granted.

18 U.S.C. §3161(h)(7) (*emphasis added*). The government's argument fails, not merely as a matter of common sense, but also as a matter of statutory construction. Torrente surely cannot be considered to be still "joined for trial" with Allen when Torrente has already pled guilty and waived his right to trial!

While in some cases the government has cited multiple justifications for its calculations, for the time period between June 21, 2005 and July 15, 2005, Torrente's sentencing proceedings are the only proffered justification. While the defendant has not calculated the exact status of his Speedy Trial clock, and need not do so to oppose this motion, it is clear from the government's calculations that some non-excludable time has already passed.

For the foregoing reasons, the Court should deny the government's motion.

Respectfully submitted,
**JOSEPH ALLEN**
By his attorneys,

    /s/ James L. Sultan
James L. Sultan, BBO #488400
Jonathan Harwell, BBO #662764
Rankin & Sultan
151 Merrimac Street
Boston, MA 02114
(617) 720-0011


## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 6, 2006.

    /s/ James L. Sultan
James L. Sultan