UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

_____

UNITED STATES

v.

JOSEPH ALLEN

_____

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
TO DEFENDANT'S MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE OF PRIOR BAD ACTS**

**I.   EVIDENCE THAT ALLEN SOLD COCAINE TO RANDY GIBBS DOES NOT HAVE SPECIAL RELEVANCE TO ANY ISSUE IN THIS CASE.**

In its response, the government argues that Allen's alleged sale of cocaine to Gibbs is "probative of Allen's knowledge and intent to engage in the OxyContin conspiracy with which he is charged." *Government's Response* (Docket No. 309) at 6. At another point, the government asserts that "[e]vidence of the defendant distributing drugs other than OxyContin is permissible pursuant to Federal Rule of Evidence 404(b) to demonstrate motive, intent, plan, knowledge, identity, and absence of mistake or accident." *Id.* at 4. That is the sum and substance of the government's showing to justify the admissibility of this evidence. Yet, merely intoning the applicable legal standard is no substitute for explaining exactly how this evidence has special relevance to one of the specified issues **in this case**. The First Circuit has required that the government "articulate[] with suitable precision," *United States v. Flores Pérez*, 849 F.2d 1, 8 (1st Cir.1988), the special ground for introduction of 404(b) evidence; the government's mere repetition of the phrase "motive, intent, plan, knowledge, identity, and absence of mistake or accident" is clearly inadequate. On the facts of this case, this failure is unavoidable, and the evidence should be

excluded.

The cases cited by the government deal with factual situations where a defendant's knowledge of illegal activity or intent to engage in a certain type of illegal activity is in dispute. For example, in *United States v. Molinares Charris*, 822 F.2d 1213 (1st Cir. 1987), the defendants were crewmen on a vessel that was discovered to be carrying, in a concealed storage area, 9,540 pounds of marijuana. The defendants argued that they were simply unaware that their ship was carrying such cargo. The government introduced 404(b) evidence of the defendants' prior involvement in smuggling controlled substances in order to refute this claim. *Id.* at 1220. Similarly, in *United States v. Hadfield*, 918 F.2d 987 (1st Cir. 1990), one defendant argued that she was a "homemaker and floral shop employee who played no part in her husband's marijuana business," which involved growing and packaging marijuana in his barn. *Id.* at 994, 991. The husband also contested intent to distribute. The First Circuit held that introduction of evidence of prior drug offenses by the couple was relevant to their knowledge of the marijuana, their intent to distribute the marijuana, and their working relationship. *Id.*

In short, these cases demonstrate that 404(b) evidence becomes relevant when the defendant's conduct may or may not be inculpatory depending upon his knowledge or lack thereof. The crewmen could have been unaware of the marijuana on board, but their prior involvement with narcotics smuggling made this conclusion less likely. The wife could have been unaware that her husband was growing and selling marijuana, but her prior narcotics convictions in conjunction with her husband made it more likely that she was part of his enterprise. The paradigmatic example where knowledge is relevant in a drug case is where a defendant is arrested in the presence of drugs, but claims not to have known the drugs were there. *See, e.g., United States v. Landrau-Lopez*, ---

F.3d ----, 2006 WL 888097 at *4 (1st Cir. 2006) (defendant "defended by claiming ignorance of the cocaine" in the duffel bag he was carrying).  The paradigmatic example where intent is relevant in a drug distribution case is when a defendant is arrested in possession of drugs, but disputes his or her intent to sell them.  *See, e.g., United States v. Manning*, 79 F.3d 212, 218 (1st Cir. 1996) (defendant arrested with briefcase containing cocaine; evidence that he "had previously sold cocaine makes it more likely ... that he intended to distribute the two bags of cocaine").  The government has pointed to no circumstances in the present case that raise such an issue of knowledge or intent that would be illuminated by the evidence of alleged sales of cocaine to Gibbs.

To the contrary, this case is on all fours with *United States v. Karas*, 950 F.2d 31 (1st Cir. 1992).  There, in a prosecution for conspiracy to distribute marijuana, the government introduced evidence that the defendant had been working for a drug dealer transporting cocaine in an unrelated conspiracy.  The First Circuit found this to be error, where the defense did not affirmatively raise any issue of intent or knowledge.  It wrote:

> [T]his was propensity evidence, which is forbidden by the rule: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith...." Fed.R.Evid. 404(b). We assume, for purposes of our analysis, that [the bad acts] testimony was true. The relevance of the evidence essentially requires the inference, and rests on the premise, that defendant's trafficking in cocaine makes it more likely than not that he participated in an unrelated marijuana conspiracy. **The most that defendant's statements prove is that he was a cocaine trafficker. They do not prove that he committed the crime for which he was indicted and charged: conspiracy to possess with intent to distribute 100 kilograms of marijuana.**

*Id.* at 37 (*emphasis added*).  In the same way here, the fact that Allen allegedly sold cocaine to Randy Gibbs is utterly irrelevant to whether he entered into an agreement with the named co-defendants to distribute OxyContin.  It sheds no light on any fact relevant to this case, other than the

inference that Allen has a propensity to distribute drugs. That inference is clearly impermissible so this evidence must be excluded.

Further, this evidence should be excluded under Fed. R. Evid. 403. In light of the tenuous, if not non-existent, connection between the evidence of cocaine sales to Randy Gibbs and any relevant issue in the case, the jury is far more likely to consider the evidence as showing Allen's bad character. This danger of unfair prejudice substantially outweighs any permissible probative value, and therefore the evidence must be excluded.

## II.  THE WRITING ON ALLEN'S T-SHIRT IS ENTIRELY IRRELEVANT TO THIS CASE.

The government asserts that the writing on Allen's T-shirt is admissible because "the 'Hells Angels' are related to this case," as co-defendant Espinola was a member of a club associated with the Hell's Angels, and Allen's T-shirt shows his "connection with Espinola." *Government's Response* at 9-10. This assertion strains credulity.

Quite simply, there is no evidence of any connection between Allen and Espinola. Based on the discovery provided to the defendant, the government's case is devoid of a scintilla of evidence that Allen ever talked to Espinola on the telephone, ever met Espinola, or was ever in Espinola's presence. Allegations that Espinola is a member of a Hell's Angels-affiliated group and that Allen owns a T-shirt supportive of the Hell's Angels cannot cover up the complete lack of evidence on this point. It is as if the government attempted to prove a connection between two individuals by showing that one of them attended Boston University, while the other owned a Boston University sweatshirt. Such proof is simply laughable. The jury would certainly give it no probative weight.

However, there is a significant danger that Allen's T-shirt would be viewed by the jury as

reflecting bad character. The Hell's Angels have been associated, both by fact and reputation, with a wide variety of illegal and offensive activities. It is unavoidable that members of the jury will be aware of this pejorative image. Introduction of the T-shirt evidence would thus create a grave danger that the jury would consider it as evidence of the defendant's bad character, and therefore as impermissible propensity evidence. This danger of unfair prejudice substantially outweighs any possible probative value of the T-shirt. Thus, this evidence should be excluded under Rule 403.

### III.    THE EVIDENCE OF THE ATTACK ON SARA ANN THOMPSON IS INADMISSIBLE AS THERE IS NO BASIS TO CONCLUDE THAT ALLEN WAS INVOLVED.

The government argues that evidence of the attack on Sara Ann Thompson is relevant to Allen's "consciousness of guilt" because he could have been responsible for the attack. The government suggests that the jury can determine "what, if any, probative value" this evidence has, and that cross-examination and a limiting instruction would obviate any unfair prejudice. This argument completely ignores the applicable law, which holds that such bad act evidence can only be introduced if sufficient evidence is adduced for the jury to conclude by a preponderance of the evidence that the event occurred **and that the defendant was responsible.** *See United States v. Decicco*, 370 F.3d 206, 212 (1st Cir. 2004). Existence of a possible motive, standing alone, is far from sufficient to establish by a preponderance that the defendant was responsible for this assault. The government's proof that Allen was responsible amounts to nothing more than "unsubstantiated innuendo." *See Huddleston v. United States*, 485 U.S. 681, 689 (1988).[1] The entire point of the

---

[1] If the government had any real proof of the defendant's involvement in this incident -- recorded telephone calls from prison or probative testimony, for example -- it would surely have presented that evidence to the Court.

*Huddleston* line of cases is that, where prejudicial information of this kind is involved, the government may not simply introduce every bit of potentially damaging evidence, without making the requisite connection to the case, under the theory that the jury will sort it all out. Rather, the Court must serve as a gatekeeper to prevent the introduction of such unfairly prejudicial testimony. This evidence must therefore be excluded.

## CONCLUSION

Bereft of credible evidence to prove its specific charges against the defendant, the government seeks to tar his character in the eyes of the jury in the hope of winning a conviction. This evidence, connected only speculatively or not at all to this case, is not permitted under Rule 404(b) and Rule 403. In order to protect the defendant's right to a fair trial on the charges set forth in the indictment, the Court should exclude this evidence.

                                                Respectfully submitted,
                                                **JOSEPH ALLEN**
                                                By his attorneys,

                                                /s/ James L. Sultan
                                                James L. Sultan, BBO #488400
                                                Jonathan Harwell, BBO #662764
                                                Rankin & Sultan
                                                151 Merrimac Street
                                                Boston, MA 02114
                                                (617) 720-0011

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 17, 2006.

                  /s/ James L. Sultan
                  James L. Sultan