```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )    CRIMINAL NO. 04-10288-RWZ
       v.                     )
                              )
CARLOS ESPINOLA, ET AL.,      )
          Defendants          )
                              )
```

GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY ON OXYCONTIN ADDICTION BY A DEFENSE WITNESS

The United States of America, by Michael J. Sullivan, United States Attorney, and Michael J. Pelgro and David G. Tobin, Assistant U.S. Attorneys, respectfully requests this Honorable Court exclude testimony concerning OxyContin addiction by a defense witness. The government respectfully submits that such testimony is irrelevant and will not assist the jury to determine the issues in controversy. In support of this motion, the government avers the following: 1) On Monday, May 1, 2006, during a telephone call, the undersigned attorney for the government was informed for the first time by defendant Joseph Allen's counsel that the defense intended to call an "expert" in the area of addiction to testify concerning addiction; 2) the defense has not yet provided the government with the witness's curriculum vitae or written notice of the subject matter of the witness's testimony.[1]

---

[1] The defense counsel informed the undersigned attorney for the government that he would send a copy of the witnesses curriculum vitae to the government by facsimile. The undersigned expects to the have the curriculum vitae by the end of today.

Based on the little information provided by the defense, it appears that the witness's testimony in the area of addiction has no relevance to this trial. The defense has not provided notice pursuant to Federal Rule of Criminal Procedure 12.2(a) or (b) that it intends to rely on an insanity defense. The issue of addiction might have limited applicability on sentencing, but provides no assistance to the jury on the issue of whether Joseph Allen conspired to distribute oxycodone or assisted in the distribution of oxycodone.

The defense's failure to provide timely notice of its plan to use an expert witness and to provide a complete description of the witnesses anticipated testimony makes it impossible for the government to prepare for the testimony or secure the assistance of an expert to counter the defense witness.

## CONCLUSION

For the reasons stated above, the government respectfully requests that this Honorable Court exclude the defendant's "expert" witness.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                    By:   /s/ David G. Tobin
                          DAVID G. TOBIN
                          MICHAEL J. PELGRO
                          Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 2, 2006.

<u>/s/: *David G. Tobin*</u>

DAVID G. TOBIN