UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

_____

UNITED STATES

v.

CARLOS ESPINOLA, ET AL.

_____

**RESPONSE OF DEFENDANT JOSEPH ALLEN TO
GOVERNMENT'S MOTIONS *IN LIMINE*.**

I.  **Government's Motion *in Limine* Concerning Admissibility of Evidence of Defendant Carlos Espinola's Possession of a Handgun (Document 335)**

Defendant Allen takes no position on whether evidence respecting co-defendant Espinola's alleged possession of a handgun should be admissible at trial. If such evidence is admitted, however, defendant Allen requests that the Court deliver a limiting instruction at the time of its admission, informing the jury that such evidence is admissible only against co-defendant Espinola and may not be considered by the jury in any way against Mr. Allen.

II. **Government's Motion *in Limine* to Exclude Testimony on Oxycontin Addiction by a Defense Witness (Document 336)**

The government has moved to exclude the putative testimony of Dr. Mashallah Ezzati, who treated Mr. Allen for oxycontin addiction in June 2004. The government has now been

provided with a copy of Dr. Ezzati's *curriculum vitae* as well as written notice of the subject matter of his expert testimony. Defendant Allen is confident that the testimony of Dr. Ezzati will be deemed admissible by the Court at trial. Since such testimony is expected to be presented during the defense case-in-chief, defendant Allen respectfully requests that the Court defer ruling on the admissibility of his putative testimony until the government has rested its case-in-chief. Assuming that the Court defers its ruling on the admissibility of Dr. Ezzati's testimony until the government has rested, undersigned counsel for Mr. Allen will refrain from referring to Dr. Ezzati's anticipated testimony during his opening statement.

### III. Government's Motion *in Limine* to Admit Evidence of Carlos Espinola's Membership in the "Red Devils" Motorcycle Club.

Defendant Allen takes no position on whether evidence respecting co-defendant Espinola's alleged membership in the "Red Devils" Motorcycle Club at trial. If such evidence is admitted, however, defendant Allen requests that the Court deliver a limiting instruction at the time of its admission, informing the jury that such evidence is admissible only against co-defendant Espinola and may not be considered by the jury in any way against Mr. Allen.

### IV. Government's Motion *in Limine* to Exclude Reference to Pleas of Co-Defendants.

The Government seeks to exclude any reference to certain prior proceedings involving co-defendants in this case, including sentences imposed on convicted co-defendants and proceedings during the sentencing hearing for co-defendants Cream and Melo, at which cooperating witness and co-defendant Joseph Baldassano testified. To the extent that Mr.

Baldassano knows about these proceedings, his knowledge is relevant to his state of mind as he undertakes to "earn" a § 5K1.1 substantial assistance motion from the government through his testimony as a prosecution witness at the upcoming trial. To that extent, the government's motion should be denied.

        Respectfully submitted,

        **JOSEPH ALLEN**

        By his attorneys,

             /s/ James L. Sultan     
        James L. Sultan, BBO #488400
        Jonathan Harwell, BBO #662764
        Rankin & Sultan
        151 Merrimac Street
        Boston, MA 02114
        (617) 720-0011

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 3, 2006.

                /s/ James L. Sultan
               James L. Sultan