UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

_____

UNITED STATES

v.

JOSEPH ALLEN

_____

**DEFENDANT'S MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE OF ALLEGED CONVERSATION
REGARDING POSSIBLE SALE OF GUNS**

**INTRODUCTION**

On the eve of trial, the government has, **for the very first time**, disclosed that its cooperating co-defendant, Joseph Baldassano, claims to have introduced defendant Joseph Allen ["Allen"] to co-defendant Carlos Espinola for the purpose of discussing a sale of guns to Espinola (which was never consummated). The government has been debriefing Baldassano since his arrest on June 29, 2004, yet he has only now, in the wake of this Court's disbelieving his testimony at the recent sentencing hearing of co-defendant Matthew Cream, suddenly "remembered" this undated conversation between the two defendants who happen to be going to trial. This tardy disclosure of a purported negotiation involving guns is entirely unconnected to this case, which does not involve guns in any way. There is no mention of guns in the indictment. This evidence is irrelevant and inadmissible under Rules of Evidence 401, 403, and 404. The government's transparent attempt to tar Allen's character with unfairly prejudicial information should not be countenanced.

**I.     STATEMENT OF RELEVANT FACTS.**

    **A.     Nature of Charges.**

Allen is charged with one count of conspiracy to distribute OxyContin and one substantive count of distributing OxyContin on June 7, 2004, along with co-defendants Baldassano and Melo. None of the co-defendants are charged with any gun-related offenses. There have been no allegations that a gun was present at any point in the alleged transaction on June 7, 2004, a transaction which did not allegedly involve Espinola in any way.

    **B.     Disclosure of Alleged Conversation Respecting Guns.**

On June 2, 2005, Magistrate Judge Swartwood entered a discovery order requiring that evidence of prior bad acts that the government intends to use at trial be disclosed to the defendants 30 days prior to trial. June 2, 2005 Order (Docket No. 210) at 7. This trial was initially scheduled for April 3, 2006, and then rescheduled for May 8, 2006. On Friday, May 5, at 4:02 p.m., the government sent a fax to defense counsel that included notes from an interview session with Baldassano on May 4, 2006, in which Baldassano allegedly stated that he introduced Allen to Espinola at Espinola's apartment; that Espinola had requested this meeting because Baldassano had told him that Allen claimed to have access to guns in Maine; that Allen and Espinola discussed guns and prices; and that Espinola eventually decided to purchase guns elsewhere and did not further contact Allen. *See* Notes of Baldassano Interview, *attached hereto as Exhibit 1*. Based on discovery previously provided to the defense, agents of the government had previously conducted several debriefings of Baldassano dating back to June 29, 2004 about his knowledge, *inter alia*, of Allen and Espinola, yet he apparently had never before mentioned this alleged meeting.

## II.   SUMMARY OF APPLICABLE LAW.

"Rule 404(b) provides that evidence of a defendant's prior bad acts may not be admitted to prove his criminal character or propensity to commit similar crimes." *United States v. Houle*, 237 F.3d 71, 77 (1st Cir. 2001).  The First Circuit has established a two-part test for the admission of evidence of prior bad acts.   First, the evidence "must have 'special relevance' to an issue in the case such as intent or knowledge, and must not include 'bad character or propensity as a necessary link in the inferential chain'."  *United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000), *quoting United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir.1996).  Second, pursuant to Rule 403, the substantive value of the bad act evidence must not be "substantially outweighed by the danger of unfair prejudice." *United States v. Tse*, 375 F.3d 148, 155 (1st Cir. 2004).  The admission of Rule 404(b) evidence "is by no means a routine exercise and should not be accepted unless the government articulates with suitable precision the 'special' ground for doing so." *United States v. Flores Pérez*, 849 F.2d 1, 8 (1st Cir.1988).

## III.   APPLICATION OF LAW TO FACTS.

The alleged conversation between Allen and Espinola is utterly irrelevant.  It sheds no light on the charges against Allen, namely, whether he conspired with the named co-defendants to distribute OxyContin and whether he assisted in a drug deal on June 7, 2004.  The alleged conversation was not part of the charged conspiracy or part of any drug transaction.  Quite simply, this evidence does not meet the test of relevance outlined in Fed. R. Evid. 401.  It has nothing to do with this case.

This evidence is also excludable under Fed. R. Evid. 403 and 404.  Under the two-part test

outlined by the First Circuit, evidence of prior bad acts must be specially relevant to an issue in the case, and its probative value must not be substantially outweighed by the danger of unfair prejudice. Neither is true here. The evidence is not relevant to any issue of identity, motive, or knowledge in the case. Its relevance lies **solely** in its suggestion that Allen was a violent individual with access to guns who was willing to help others buy guns. This character evidence -- in a drug case not involving guns -- is barred by Rule 404(b).

As this evidence has no probative value at all, its unfair prejudice clearly outweighs its probative value. Even if the evidence had some negligible relevance, its prejudice is so great that Rule 403 would still bar admission. This kind of evidence would inject a new and utterly irrelevant element into a straightforward drug case, distracting the jury from the questions at hand and inflaming them against Allen. This is exactly the result that Rule 403 is intended to prevent.

In pleadings filed in this case, the government has suggested that evidence involving guns is automatically admissible in a drug conspiracy case, as guns are tools of the narcotics trade. *See* Government's Motion in Limine Concerning Admissibility of Evidence of Defendant Carlos Espinola's Possession of a Handgun (Docket No. 335). The law is otherwise. The so-called "tools of the trade" exception cited by the government is a narrow rule entirely inapplicable to this case. In cases discussing this doctrine, the First Circuit has found no abuse of discretion in admission of firearms discovered at a place where drugs were stored (and therefore which could be used to protect the drugs) or carried to the location of drug sales (and therefore which could be used to protect the money obtained in the sale). In *United States v. McGuire*, 389 F.3d 225 (1st Cir. 2004), the gun in question was seized from the defendant's apartment along with drugs and drug paraphernalia. *Id.* at 228. In addition, the defendant had threatened and struck someone with a gun when he thought

that person was going to rob him, and had committed an armed invasion of a home after someone stole drugs from him. *Id.* at 229. In that situation, guns were clearly part of the ongoing operation of the drug conspiracy. Similarly, in *United States v. Green*, 887 F.2d 25 (1st Cir. 1989), the guns in question were seized from residences where cocaine was discovered; the defendant carried a gun during drug transactions; and a witness testified that, when he was suspected of being an informant, he was gagged and shot in the leg. *Id.* at 26-27. Again, in that case the guns were an integral part of the execution of the drug conspiracy. Here, the government is trying to introduce evidence that Allen offered to help facilitate a purchase of guns, a purchase which never even occurred! Counsel for Allen is not aware of any cases where the "tools of the trade" doctrine has been expanded to cover a failed attempt to negotiate the sale of guns in a drug case. This is simply a prior bad act, properly analyzed and excluded under Rules 403 and 404.

## CONCLUSION

Lacking any reliable evidence inculpating Allen, the government continues to turn over every possible stone to discover mud to throw in the hope that something will stick to the wall at trial. Allen's due process right to a fair trial should be protected, and the product of the government's eleventh-hour concoction should be rejected for what it is: irrelevant, unduly prejudicial, and inadmissible.

                Respectfully submitted,
                **JOSEPH ALLEN**
                By his attorneys,

                /s/ James L. Sultan
                James L. Sultan, BBO #488400
                Jonathan Harwell, BBO #662764
                Rankin & Sultan
                151 Merrimac Street
                Boston, MA 02114
                (617) 720-0011

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 5, 2006.

                                                /s/ James L. Sultan
                                                James L. Sultan