UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

_____

UNITED STATES

v.

JOSEPH ALLEN

_____

**DEFENDANT'S MOTION *IN LIMINE* TO
EXCLUDE HEARSAY EVIDENCE OF STATEMENT
BY GIUSEPPE TORRENTE THAT
JOSEPH ALLEN RIPPED HIM OFF**

**I.   STATEMENT OF RELEVANT FACTS.**

According to discovery provided by the government, Special Agent Paul Karamourtopoulos, acting in an undercover capacity, negotiated a purchase of OxyContin pills from co-defendant Giuseppe Torrente on February 4, 2004. Karamourtopoulos placed a recorded telephone call to Torrente on that date. Torrente told Karamourtopoulos that he had 14 pills available. During the negotiations, Torrente said that he was "in debt five hundred bucks" because "Joey Allen ripped me off."[1] He said he could not sell the pills for less that $75 per tablet, even though they had previously discussed lower prices. Torrente and Karamourtopoulos met at a Dunkin' Donuts later that day. Torrente got into Karamourtopoulos's vehicle, and handed him a bag containing 14 OxyContin pills. Karamourtopolous gave Torrente $1050. They then separated. Based on discovery provided, there was no one else involved in the Torrente-Karamourtopolous transaction.

---

[1]   The government has prepared a transcript of this taped conversation. It is included in the government's transcript book (marked for identification as Exhibit 3) at Tab 14.

## II.     SUMMARY OF APPLICABLE LAW.

"Hearsay evidence ordinarily is inadmissible in criminal trials." *United States v. Piper*, 298 F.3d 47, 52 (1st Cir. 2002). Admission of such evidence is barred under the Federal Rules of Evidence and by the Sixth Amendment right to confrontation. Under Fed. R. Evid. 801(d)(2)(E), statements made by a coconspirator "during the course and in furtherance of the conspiracy" are deemed not to be hearsay. The proponent of such evidence bears the burden of establishing, by a preponderance, both that a conspiracy existed that included both the declarant and the defendant and that the declarant made the statement during and in furtherance of the commission. *Id.* at 52, *citing United States v. Bradshaw*, 281 F.3d 278, 283 (1st Cir. 2002).

The First Circuit has explained: "A coconspirator's statement is considered to be in furtherance of the conspiracy [when] it tends to promote one or more of the objects of the conspiracy." *Id.* at 54. The Court has emphasized that the proponent of such evidence "is not entitled to a free pass." *Id.* Rather, the "in furtherance" requirement represents a "real limitation on the admissibility of coconspirator statements." *Id.* The coconspirator exception to the hearsay rule does not cover "mere idle chatter, narrative declarations, and superfluous casual remarks which do not further the conspiracy." *United States v. Johnson*, 200 F.3d 529, 533 (7th Cir. 2000). Commentators agree that the rule does not allow admission of "narrative declarations of past events." 30B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 7025; John W. Strong, *McCormick on Evidence* §259 ("statements that merely recount prior events in the conspiracy are not admissible"). In *Piper*, the First Circuit rejected hearsay admitted against a defendant by a supposed coconspirator who allegedly distributed drugs supplied by that defendant, where the conversation involved negotiations by the coconspirator to obtain drugs from a different source, and were therefore "antithetic to the central object of the charged conspiracy." 298 F.3d at

-2-

55.

### III. APPLICATION OF LAW TO FACTS.

#### A. The Recorded Conversation is Inadmissible Hearsay.

The conversation between Torrente and Karamourtopoulos is inadmissible hearsay offered for its truth, and cannot be introduced either via the testimony of Karamourtopoulos or through the audiotape. The conversation dealt with an attempt by Karamourtopoulos to purchase OxyContin from Torrente. Torrente was the only person negotiating with Karamourtopoulos. There is no reason to believe that this drug sale was part of the charged conspiracy, rather than a product of Torrente's independent criminal activity. In the absence of evidence connecting this sale by Torrente to the charged conspiracy revolving around Joseph Baldassano, the evidence is simply hearsay.

#### B. Torrente's Statement that He is in Debt Because Joseph Allen Ripped Him Off is Inadmissible Hearsay.

Even if the Court were to determine that the sale from Torrente to Karamourtopoulos was part of the charged conspiracy, Torrente's statement that he was in debt because Allen had ripped him off does not qualify as non-hearsay under Rule 801(d)(2)(E) as it was not made "in furtherance" of the conspiracy.[2] This statement did not further any interest of the conspiracy. On the contrary, it was "mere idle chatter" detailing prior events. Torrente's explanation that he was in debt was a

---

[2] Allen also objects to the entire statement on the grounds that the government has not shown that he was part of the conspiracy, under *United States v. Petrozziello*, 548 F.2d 20 (1st Cir. 1977). The defense anticipates that the Court will defer ruling on this objection until more evidence regarding the scope of the conspiracy is introduced.
    The argument presented here is that, even if the Court were to find Allen and Torrente to be part of the conspiracy, this statement by Torrente is nonetheless inadmissible as it was not made "in furtherance" of any purpose of the conspiracy. As further evidence will not shed any light on whether this statement was made "in furtherance" of the conspiracy, the Court should not defer ruling on this objection.

"superfluous casual remark[]," entirely irrelevant to whether Karamourtopoulos would purchase pills from him. It would make no sense to deem Torrente's statement about the source of his debt to be Allen's own admission, where neither Allen nor any other member of the conspiracy benefitted in any way by that statement. Consequently, the statement is hearsay and must be excluded.

### C. Torrente's Statement that Joseph Allen Ripped Him Off is Unfairly Prejudicial.

Even if the Court were to find Torrente's statement to be non-hearsay, the statement that Allen ripped him off is unduly prejudicial and should be excluded under Fed. R. Evid. 403. Allen is not charged with larceny or fraud. The probative value of this statement on the disputed issue at trial -- whether Joseph Allen was a member of the charged conspiracy -- is virtually nil. Whether Allen ripped off Torrente makes it neither more nor less likely that he is guilty of the charged offenses. The unfair prejudice is clear, for this statement presents Allen in an unflattering light and suggests that he is dishonest. This unfair prejudice substantially outweighs any probative value, and the statement should therefore be excluded.

Respectfully submitted,
**JOSEPH ALLEN**
By his attorneys,

    /s/ James L. Sultan
James L. Sultan, BBO #488400
Jonathan Harwell, BBO #662764
Rankin & Sultan
151 Merrimac Street
Boston, MA 02114
(617) 720-0011

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 9, 2006.

                                                         /s/ James L. Sultan
                                                          James L. Sultan