UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

_____

UNITED STATES

v.

JOSEPH ALLEN

_____

**DEFENDANT'S MOTION FOR IMMEDIATE DISCOVERY OF EXCULPATORY EVIDENCE OR, IN THE ALTERNATIVE, FOR SANCTIONS**

Joseph Allen, defendant in the above-captioned criminal case, hereby moves this Court, pursuant to Local Rule 116.2(B)(1)(a), 2(a)-(c) and the Fifth and Sixth Amendments to the United States Constitution, to order the government to produce forthwith (prior to his counsel's cross-examination of government witness Joseph Baldassano) a statement of each and every occasion when Baldassano provided any exculpatory information to the government about Allen's alleged involvement in Baldassano's planned sale of 100 Oxycontins to an undercover agent on June 7, 2004, including but not limited to any information inconsistent with his trial testimony on May 12, 2006 that Allen had arranged to play a role in that transaction. As grounds therefore, defendant avers as follows:

1. The government has provided documentary discovery respecting Baldassano's prior statements to the government. That discovery includes, but is not limited to: (1) Special Agent Story's eight pages of notes on Baldassano's 8/31/04 proffer session;

    (2) Detective Connors's seven pages of notes on Baldassano's 8/31/04 proffer session; (3) Special Agent Story's two pages of notes on Baldassano's 3/13/06 interview; (4) Special Agent Story's one page of notes on Baldassano's 5/4/06 interview; and (5) a letter from Assistant United States Attorney David G. Tobin dated March 14, 2006 purporting to set forth Baldassano's statements about Mr. Allen during his interview with the government on March 14, 2006.

2.    In none of those documents does the government disclose that Baldassano stated that Allen was involved in any way, shape, or form in the drug transaction which was planned for and took place on June 7, 2004. To the contrary, the government's letter dated March 14, 2006 affirmatively states on this subject as follows:

> Mr. Baldassano stated that he never asked Allen to perform surveillance outside Steve's Restaurant on June 7, 2004. He also stated that Allen did not give him any information about police activity around Steve's Restaurant on June 7, 2004. Mr. Baldassano denied seeing Allen enter Steve's Restaurant that night and denies hearing Allen call his name after Baldassano left Steve's Restaurant. According to Mr. Baldassano, he and Allen spoke by telephone on June 7, 2006, and Mr. Baldassano informed Allen that he [Baldassano] had to do a drug deal and then was going to go to the mall. Allen told Mr. Baldassano he wanted to go to the mall with him.

3.    As set forth in the Affidavit of James L. Sultan, filed herewith, undersigned counsel for Allen spoke to Baldassano's counsel on January 12, 2005. During that conversation, Baldassano's counsel informed undersigned counsel that Allen's involvement or non-involvement in the transaction on June 7, 2004 was a specific topic raised by the government during its debriefing of Baldassano on August 31, 2004, at which Baldassano's counsel was present. Baldassano's counsel stated that while the government pressed Baldassano repeatedly about Allen's involvement in the June 7, 2004 drug deal, Baldassano repeatedly denied that Allen was involved in that deal.

4. During his direct testimony at trial on May 12, 2006, Baldassano testified, in substance, that prior to the June 7, 2004 drug deal, Baldassano asked Allen if he wanted to do the hand-to-hand transaction in exchange for getting some free pills, and Allen agreed to do so. Baldassano further testified that he was planning to pick Allen up on June 7th so Allen could participate in the drug deal.

5. This testimony by Baldassano directly contradicts the government's March 14, 2006 letter. Further, it was not previously disclosed by the government in any way. Based upon the account of Baldassano's counsel regarding the August 31, 2004 proffer session, Baldassano made statements on that date which clearly contradict his trial testimony. These prior statements by Baldassano are clearly exculpatory, but were not disclosed by the government.

6. It is well-settled that under the Fifth and Sixth Amendments to the United States Constitution, the government is obligated to turn over any such exculpatory information to the defense prior to trial. See e.g. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976); *Brady v. Maryland*, 373 U.S. 83 (1963). Such disclosure is also mandated by Local Rules 116.2(B)(1)(a); 2(a)-(c).

7. It is essential that defense counsel receive this exculpatory information before he cross-examines Mr. Baldassano. If such discovery is not provided, the Court should strike Mr. Baldassano's direct testimony.

Respectfully submitted,

**JOSEPH ALLEN**

By his attorneys,

/s/ James L. Sultan
James L. Sultan, BBO #488400
Jonathan Harwell, BBO #662764
Rankin & Sultan
151 Merrimac Street
Boston, MA 02114
(617) 720-0011

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 12, 2006.

/s/ James L. Sultan
James L. Sultan