UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 04-10288-RWZ |
| v.          ) | |
| ) | |
| CARLOS ESPINOLA, ET AL., ) | |
|     Defendants     ) | |
| ) | |

**Government's Response To Defendant Joseph Allen's
Motion For Immediate Discovery Of Exculpatory
Evidence Or, In The Alternative, For Sanctions**

The United States of America, by Michael J. Sullivan, United States Attorney, and Michael J. Pelgro, Assistant U.S. Attorney, hereby files this response to defendant Joseph Allen's motion for immediate discovery of exculpatory evidence or, in the alternative, for sanctions.

The government states that it has previously provided to defendant Joseph Allen ("Allen") copies of handwritten notes of DEA Special Agents Story and Desmond, and Gloucester Detective Sean Connors, of interviews with defendant Joseph Baldassano ("Baldassano"). The government voluntarily agreed to disclose these materials to Allen even though it was under no obligation to do so since the notes are not Jencks Act materials of Baldassano (who never reviewed or adopted the notes as his own statements) nor are they Jencks Act materials of the agents themselves.

In addition, the government voluntarily agreed to summarize the anticipated testimony of Baldassano in a letter to Allen's counsel. The government was under no obligation to disclose such

inculpatory evidence to Allen's counsel.

In addition, the government turned over to Allen's counsel the consensual recordings of the drug deal on June 7, 2004 as well as the narrative DEA reports of the undercover agent and the surveillance agents (and their handwritten notes). These reports and tapes demonstrate that Allen showed up in the area of Gloucester where the deal was originally supposed to occur (Steve's Restaurant) and that he appeared to be performing counter-surveillance. These reports and tapes also demonstrate that Baldassano asked the confidential informant and the undercover agent to pick up Allen so that he could be present with them as they drove from Gloucester to the home of defendant Jose Melo in Gloucester. After he entered their car, Baldassano asked the confidential informant and the undercover agent to pick up Allen. While in the car, Baldassano had telephone conversations with Allen about the fact that they would pick him up. When this proved difficult, Baldassano had defendants Matthew Cream and Jason Matthews pick up Allen and they followed Baldassano to Peabody.

In addition, the government turned over to Allen's counsel extensive data from a pen register device on Baldassano's telephone. This data documented that Baldassano had multiple telephone contacts with Allen on June 7, 2004 prior to the deal taking place.

Allen's current complaint is that the details of Allen's participation in the deal, as testified to by Baldassano, differ from what the government stated in its letter dated March 14, 2006 or in what Allen's counsel learned from Baldassano's counsel about an interview that occurred on August 31, 2004.  The government does not believe that these details necessarily contradict what it stated in its March 14, 2006 letter.  Moreover, what Baldassano's counsel said to Allen's counsel about Baldassano's interview in August 2004 is irrelevant to the government's discovery obligations

The government, therefore, believes that it is under no obligation to provide further information about Baldassano's statements and that any such inconsistencies in Baldassano's oral statements to the government are simply fodder for cross-examination.  However, to the extent that Allen is seeking further information about the inconsistencies, the government has sent Allen's counsel a letter summarizing government counsel's notes about Baldassano's statements concerning the June 7, 2004 drug deal.  A copy of that letter is attached to this response as Exhibit A.

                                            Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            United States Attorney

                                   By:  /s/Michael J. Pelgro
                                            Michael J. Pelgro
                                            Assistant U.S. Attorney

<u>Certificate of Service</u>

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a paper copy will be sent to those indicated as non-registered participants on May 14, 2006.

    /s/Michael J. Pelgro
    Michael J. Pelgro
    Assistant U.S. Attorney