UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

———————————————

UNITED STATES

v.

JOSEPH ALLEN

———————————————

**DEFENDANT'S REQUESTS FOR JURY INSTRUCTIONS**

Joseph Allen, defendant in the above-captioned criminal case, hereby moves this Honorable Court, pursuant to Fed. R. Crim. P. 30, to include the following instructions in its charge to the jury. The defendant further moves that the Court instruct the jury separately as to each defendant in order to protect the defendant's right to individualized consideration.

**REQUEST NO. 1 - CONSPIRACY**

Defendant Joseph Allen is accused of conspiring to commit a federal crime -- specifically, the crime of possession with intent to distribute oxycodone. It is against federal law to conspire with others to commit this crime. A conspiracy is established if the evidence shows beyond a reasonable doubt that the conspirators came to an understanding to accomplish their unlawful plan.

For you to find Joseph Allen guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to possess with the intent to distribute and to distribute oxycodone;
>
> Second, that Joseph Allen willfully joined in that agreement, with an understanding of what the unlawful plan was.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors. Mere association does not make one a conspirator.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed--that is to say, with bad purpose, either to disobey or disregard the law--not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before Joseph Allen can be said to have willfully joined the

conspiracy: an intent to agree and an intent that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that Joseph Allen willfully joined in the agreement must be based upon evidence of his own words and/or actions. You cannot find a defendant to be a member of a conspiracy based on what someone else does. You need not find that Joseph Allen agreed specifically to or knew about all the details of the crime or knew every other co-conspirator, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if Joseph Allen was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

There cannot be a conspiracy between a defendant and one or more government agents or informants because the government agent or informant is not a true conspirator.

*Sources:*

First Circuit Pattern Jury Instruction §4.03; *United States v. Rivera-Santiago*, 872 F.2d 1073, (1st Cir. 1989); *United States v. Piper*, 35 F.3d 611 (1st Cir. 1994); Instructions of the Court in *United States v. Paul A. DeCologero, et al.*, 01-10373-RWZ; *United States v. Giry*, 818 F.2d 120 (1st Cir. 1987).

**REQUEST NO. 2 - BUYER / SELLER.**

The existence of a buyer-seller relationship between a defendant and another person, without more, is not sufficient to establish a conspiracy to distribute, even if the buyer intends to distribute or resell the goods purchased. The buyer's purpose is to buy, and the seller's purpose is to sell. The fact that Joseph Allen may have bought oxycodone from another person or distributed oxycodone to another person is not sufficient, without more, to establish that he was a member of the charged conspiracy.

In considering whether a conspiracy or a simple buyer-seller relationship existed in this case, you should consider all of the evidence, including the following factors:

> (1) Whether the transaction involved large quantities of oxycodone;
> (2) Whether the buyer and the seller had a standardized way of doing business over time;
> (3) Whether the sales were on credit;
> (4) Whether the buyer and seller had a continuing relationship;
> (5) Whether there was a demonstrated level of mutual trust between the buyer and the seller;
> (6) Whether the seller had a financial stake in any resale by the buyer; and
> (7) Whether the seller knew that the oxycodone would be resold by the buyer and intended to facilitate those resales.

No single factor necessarily indicates by itself that a defendant was or was not engaged in a simple buyer-seller relationship, rather than a conspiracy. If the government does not prove beyond a reasonable doubt that Joseph Allen was not simply a buyer of oxycodone from Joseph Baldassano, you must find Joseph Allen not guilty of conspiracy to possess with intent to distribute oxycodone.

*Authority:*

Pattern Jury Instructions for the Seventh Circuit (1999 ed.); *United States v. Berrios*, 132 F.3d 834 (1st Cir. 1998); *United States v. Santiago*, 83 F.3d 20 (1st Cir. 1996); *United States v. DeLutis*, 722 F.2d 902 (1st Cir. 1983); *United States v. Thomas*, 284 F.3d 746 (7th Cir. 2002); *United States v.*

*Gee*, 226 F.3d 885 (7th Cir. 2000); *United States v. Menting*, 166 F.3d 923 (7th Cir. 1999); *United States v. Gibbs*, 190 F.3d 188 (3d Cir. 1999).

**REQUEST NO. 3 - MULTIPLE CONSPIRACIES.**

Count 1 of the indictment charges that the defendant Joseph Allen knowingly and deliberately entered into a conspiracy to distribute oxycodone, along with twelve other named individuals.

In order to sustain its burden of proof on this charge, the government must prove beyond a reasonable doubt both that the specific conspiracy alleged in Count 1 of the indictment existed and that Joseph Allen was a member of that conspiracy. Proof that the defendant was a member of another conspiracy is not enough to convict.

In determining whether or not any single conspiracy has been shown by the evidence in this case, you must decide whether the government has proven that all of the alleged coconspirators directed their efforts toward the accomplishment of a common goal or overall plan. In determining whether there was a common overall plan, you may consider whether the activities of one aspect of the alleged conspiracy were necessary or advantageous to the success of another aspect of the alleged conspiracy.

If the government does not prove beyond a reasonable doubt that the specific conspiracy alleged in Count 1 existed or that the defendant Joseph Allen was a member of that particular conspiracy, you must acquit Joseph Allen of this charge. Even if the evidence shows that defendant Joseph Allen was a member of some conspiracy other than the specific conspiracy charged in the indictment, you must acquit defendant Joseph Allen of Count 1.

*Authority:*

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions: Criminal* §31.09 (5th ed. 2000); *United States v. Soto-Beniquez*, 356 F.3d 1 (1st Cir. 2003); *United States v. Portela*, 167 F.3d 687 (1st Cir. 1999); *United States v. LiCausi*, 167 F.3d 36, 45 (1st Cir. 1999); *United States v. Drougas*, 748 F.2d 8 (1st Cir. 1984).

**REQUEST NO. 4 - LESSER INCLUDED OFFENSE - COUNT ONE[1]**

The law permits the jury to determine whether the government has proven the guilt of Joseph Allen for any less serious offense which is both supported by the evidence and necessarily included in the crime of conspiracy to possess with intent to distribute oxycodone that is charged in Count 1 of the indictment.

The crime of conspiracy to possess oxycodone is necessarily included within the charge of conspiracy to possess with intent to distribute oxycodone. In order to find Joseph Allen guilty of the less serious, included offense, the government must prove beyond a reasonable doubt that the defendant Joseph Allen conspired, as I earlier defined it, with the individuals named in the indictment to commit the federal crime of possession of oxycodone. A person commits the crime of possession of oxycodone when he or she possesses oxycodone, either actually or constructively, and does so knowingly and intentionally.

Accordingly, as to Count 1, there are three possible verdicts you may reach with respect to Joseph Allen: not guilty; guilty of conspiracy to possess with intent to distribute oxycodone; or guilty of conspiracy to possess oxycodone.

*Authority:*

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions: Criminal* §20.05 (5th ed. 2000);

---

[1] A separate memorandum of law will be filed in support of this request.

*United States v. Anello*, 765 F.2d 253 (1st Cir. 1985); *United States v. Baker*, 985 F.2d 1248 (4th Cir. 1993).

**REQUEST NO. 5 - MERE PRESENCE - COUNT SIXTEEN**

  A defendant's presence at the scene of a crime or knowledge that a crime is being committed is not alone sufficient to establish the defendant's guilt.

*Authority:*

*United States v. Ortiz*, --- F.3d ----, 2006 WL 1163188 (1st Cir. 2006); *United States v. Guerrero*, 114 F.3d 332 (1st Cir .1997); Seventh Circuit Pattern Jury Instruction; *United States v. Hester*, 140 F.3d 753 (8th Cir. 1998); *United States v. Wright*, 742 F.2d 1215 (9th Cir. 1984).

**REQUEST NO. 6 - AIDING AND ABETTING - COUNT SIXTEEN**

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone other than the defendant committed the charged crime; and (2) the defendant willfully associated himself in some way with the crime and willfully participated in it as something he wished to bring about. This means that the government must prove beyond a reasonable doubt that Joseph Allen consciously shared the other person's knowledge of the underlying criminal act and assisted him in some way. Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish aiding and abetting. Further, a defendant does not commit the crime of aiding and abetting if he intends to assist the commission of a crime, but does nothing that actually assists or induces the commission of that crime.

*Authority:*

First Circuit Pattern Jury Instruction §4.02; 18 U.S.C. §2.

**REQUEST NO. 7 - DEFENDANT'S RIGHT NOT TO TESTIFY.**

Joseph Allen has an absolute right not to testify, and no inference of any kind may be drawn from the fact that Joseph Allen did not testify. It is completely irrelevant. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror. There are many valid reasons why a defendant would choose not to testify at trial. You may not speculate as to why this defendant did not testify. Such speculation can play no part in your deliberations.

*Authority:*

First Circuit Pattern Jury Instruction §3.03.

**REQUEST NO. 8 - COOPERATING WITNESS; ADMITTED OFFENDERS**

You have heard the testimony of Joseph Baldassano. He

(1) provided evidence under an agreement with the government;
(2) participated in the crime charged against the defendants; and
(3) hopes to receive a more favorable sentence in exchange for his testimony based on the government's determination that he has provided them with substantial assistance.

You should consider the testimony of Mr. Baldassano with particular caution and scrutinize it with particular care. He may have had reason to make up stories or exaggerate what others did because he wanted to help himself. You should keep in mind in scrutinizing Mr. Baldassano's testimony that the government has the power to confer or withhold future benefits upon this witness based on its unreviewable assessment of the value of his cooperation.

You also heard the testimony of several individuals who admitted engaging in criminal activity with which they have not been charged. In evaluating their testimony, you should consider whether their testimony was affected in any way by a desire to avoid prosecution for their admitted crimes.

*Authority:*

First Circuit Pattern Jury Instructions §2.07; *United States v. Skandier*, 758 F.2d 43 (1st Cir. 1985).

**REQUEST NO. 9 - CREDIBILITY - PRIOR STATEMENTS**

You have heard the testimony of a number of witnesses who previously made statements, either to the grand jury or to agents of the government. If you find that a witnesses made a statement on a prior occasion which is inconsistent with his or her trial testimony, then you should decide whether that inconsistency affects the believability of the witness's testimony at this trial. You should also consider whether a witness's failure to disclose previously, either before the grand jury or during interviews, a particular event affects the believability of the witness's testimony at trial that such an event occurred.

*Authority:*

First Circuit Pattern Jury Instruction §2.02.

**REQUEST NO. 10 - INDIVIDUAL CONSIDERATION**

The defendants have each been charged in Count 1 with conspiracy to possess with intent to distribute, and to distribute, oxycodone. In our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant, and to return a separate verdict for each of them. For each defendant, you must decide whether the government has presented evidence proving that particular defendant guilty of Count 1 beyond a reasonable doubt. Your verdict as to one defendant, whether it is guilty or not guilty, should not influence your verdict as to the other defendant.

Similarly, Joseph Allen has been charged in two separate counts, Count 1 and Count 16. His guilt or innocence on each count must be determined independently. It is your duty to separately consider the evidence against Joseph Allen on each count, and to return a separate verdict on each count. Your verdict on one count, whether it is guilty or not guilty, should not influence your verdict on the other count.

*Authority:*

Sixth Circuit Pattern Jury Instruction No. 2.01B.

**REQUEST NO. 11 - NUMBER OF WITNESSES/EXHIBITS**

Your verdict should not be influenced by the number of witnesses testifying for or against the defendants, nor should it be influenced by the number of exhibits introduced by or against the defendants. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You alone determine the weight to give each witness's testimony and each exhibit, based on your assessment of the quality of that evidence.

*Authority:*

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions: Criminal* §14.16 (5th ed. 2000)

                                      Respectfully submitted,
                                      **JOSEPH ALLEN**
                                      By his attorneys,

                                   /s/ James L. Sultan
                              James L. Sultan, BBO #488400
                              Jonathan Harwell, BBO #662764
                              Rankin & Sultan
                              151 Merrimac Street
                              Boston, MA 02114
                              (617) 720-0011

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 17, 2006.

                                             /s/ James L. Sultan
                                          James L. Sultan