UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

---

UNITED STATES

v.

JOSEPH ALLEN

---

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF REQUEST FOR LESSER-INCLUDED
OFFENSE INSTRUCTION ON COUNT ONE**

**I.     STATEMENT OF RELEVANT FACTS.**

Defendant Joseph Allen ["Allen"] is charged in Count One with conspiracy to possess with intent to distribute oxycodone. Joseph Baldassano testified at trial that Allen purchased small quantities of OxyContin pills from him on a number of occasions. Baldassano testified that Allen was an addict who constantly tried to get pills from Baldassano, and that Allen was unreliable and could not be trusted with either drugs or money. Baldassano stated that he required Allen to pay for the pills upon receipt. Several witnesses, including Baldassano, testified that they used multiple OxyContin pills on a daily basis while they were addicted to the drug.

**II.    SUMMARY OF APPLICABLE LAW.**

A defendant has a right to an instruction on a lesser included offense "where the evidence would permit a jury to find that only a lesser included offense occurred." *United States v. Oreto*, 37 F.3d 739, 748 (1st Cir. 1994). As the Supreme Court explained:

> [I]t is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.

*Keeble v. United States*, 412 U.S. 205, 208 (1973); *see also* Fed. R. Crim. P. 31.  A crime is a lesser included offense when the "elements of the lesser offense are a subset of the elements of the charged offense."  *Schmuck v. United States*, 489 U.S. 705, 715-16 (1989); *United States v. Balthazard*, 360 F.3d 309, 320 n.4 (2004).  In determining whether a jury could rationally find the defendant guilty of a lesser included offense but not the greater offense, the Court should consider the evidence "in the light most congenial to the theory."  *United States v. Flores*, 968 F.2d 1366, 1367 (1st Cir. 1992); *see also United States v. Humphrey*, 208 F.3d 1190, 1207-1208 (10th Cir. 2000).

The crime of possession of a controlled substance is a lesser included offense of the crime of possession of a controlled substance with intent to distribute.  *See, e.g., United States v. Lacy*, --- F.3d ----, 2006 WL 1194575 (3d Cir. 2006); *see also United States v. Anello*, 765 F.2d 253 (1st Cir. 1985).  Similarly, the offense of conspiracy to possess a controlled substance is a lesser included offense of the crime of conspiracy to possess with intent to distribute a controlled substance.  *See, e.g., United States v. Vaandering*, 50 F.3d 696, 703 (9th Cir. 1995).  In *United States v. Baker*, 985 F.2d 1248 (4th Cir. 1983), the defendant was charged with conspiracy to possess with intent to distribute as part of a multi-defendant cocaine ring.  The defendant, an addict, argued that he intended to use any cocaine he possessed personally.  The Fourth Circuit found error in the trial court's failure to instruct the jury on the lesser-included offense of conspiracy to possess.  It wrote:

> The district court has no discretion to refuse to give a lesser-included instruction if the evidence warrants the instruction and the defendant requests it....  In addition, in prosecutions for conspiracy to possess with the intent to distribute illegal drugs, conspiracy to possess is a necessarily included offense.

> ...
> In this case, the evidence, as a matter of law, does not "rule out a possible inference of" conspiracy to possess.... It is clear that Baker [the defendant] was an addict. Roy [a cocaine distributor] testified that Baker's family kept trying to keep Baker away from Roy, presumably to stop him from consuming cocaine, and Baker's wife eventually had to commit him to the hospital because of his addiction. Baker's defense at trial was that he was an abuser, not a distributor, of cocaine.

*Id.* at 1059.

### III. APPLICATION OF LAW TO FACTS.

The Court must instruct the jury on the lesser included offense of conspiracy to possess oxycodone at the defendant's request, as it is necessarily included in the charged offense of conspiracy to possess with intent to distribute oxycodone and is rationally supported by the evidence. Based on Baldassano's testimony a rational juror could conclude that Allen was an OxyContin addict who purchased small amounts of OxyContin from Baldassano for personal use. The government has offered evidence in support of its theory that Allen conspired to distribute oxycodone, including the testimony of Baldassano that Allen was supposed to engage in a hand-to-hand transaction on June 7, 2004, and the testimony of Samantha O'Brien that Allen assisted her and Allen Woodard in obtaining pills. The jury could rationally reject the testimony of these witnesses or conclude that the evidence does not establish that Allen was part of the charged conspiracy to distribute. The jury could determine, however, that Allen did join in a conspiracy with other named individuals to **possess** oxycodone, based on his addiction and his frequent small purchases. In short, this is a far cry from a case such as *Anello*, where no instruction on the lesser included offense of possession was necessary because the defendant was discovered standing next to a truck carrying

more than a ton of marijuana. 765 F.2d at 263.  On the contrary, the facts in this case -- viewed in the light most favorable to the defendant's theory -- could rationally support the conclusion that Allen conspired only to possess oxycodone for his own use.  Accordingly, he is entitled to the lesser included offense instruction on Count One.

        Respectfully submitted,
        **JOSEPH ALLEN**
        By his attorneys,

           /s/ James L. Sultan
        James L. Sultan, BBO #488400
        Jonathan Harwell, BBO #662764
        Rankin & Sultan
        151 Merrimac Street
        Boston, MA 02114
        (617) 720-0011

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 17, 2006.

                                  /s/ James L. Sultan
                                James L. Sultan