UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

_____

UNITED STATES

v.

JOSEPH ALLEN

_____

**DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

Joseph Allen, the defendant in the above-captioned criminal case, hereby moves this Court, pursuant to 18 U.S.C. § 3142(c)(3), to amend his conditions of release pending sentencing. Specifically, the defendant requests that the Court authorize Pretrial Services, **in its discretion**, to permit the defendant to have day furloughs from the Ryan House, where he is in drug treatment, in order to spend time with his longtime girlfriend and their two young children. The defendant further requests that Pretrial Services be authorized, **in its discretion**, to permit the defendant to leave the program for necessary medical appointments. As grounds therefore, the defendant avers as follows:

1. Following his conviction for conspiracy to possess oxycodone, the defendant was released on personal recognizance on May 31, 2006 on the special condition that he participate in an in-patient drug treatment program at Ryan House in Lynn, Massachusetts.

2. Since that date, defendant has fully participated in the Ryan House treatment program and complied with its rules and regulations.

3. Based upon his successful treatment to date, the defendant is now eligible, under the rules and regulations of Ryan House, to leave the facility for up to four hours on Sunday to visit with his family.

4. Nevertheless, since the defendant is at Ryan House under the supervision of Pretrial Services, he will not be permitted to receive such furloughs unless Pretrial Services consents. It is the position of Pretrial Services, as related today to undersigned counsel by Chief Pretrial Services Officer John R. Riley, that Pretrial Services cannot approve such furloughs unless the Court gives them the discretion to do so.

5. The defendant has medical problems which warrant his visiting a doctor or a hospital. Once again, it is the position of Pretrial Services that it cannot authorize such medical appointments unless there is an emergency or unless the Court grants discretion to do so.

6. It is in the interest of Mr. Allen's successful completion of drug treatment that he be afforded the same privileges and responsibilities as all other participants in the treatment program. If Pretrial Services deems it inappropriate or unwise for Mr. Allen to have furloughs or to go to medical appointments, it should have discretion to say "No." By the same token, if Pretrial Services deems such furloughs or medical appointments to be justified and appropriate, then it makes sense for Pretrial Services to have the discretion to say "Yes." The purpose of this motion is to give Pretrial Services that discretion, discretion that they believe they do not enjoy in the absence

of a court order.

                                              Respectfully submitted,
                                              **JOSEPH ALLEN**
                                              By his attorney,

                                              _____/s/James L. Sultan_____
                                              James L. Sultan, BB0 #488400
                                              Rankin & Sultan
                                              1 Commercial Wharf North
                                              Boston, MA 02110
                                              (617) 720-0011

June 14, 2006