UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #04-10288-RWZ

_____

UNITED STATES

v.

JOSEPH ALLEN

_____

**DEFENDANT'S REPLY TO GOVERNMENT' S RESPONSE TO
DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

The Government, in its infinite wisdom, has filed an opposition to the defendant's motion to grant Pretrial Services the discretion to permit defendant Joseph Allen to receive access to the same furloughs which all other qualified persons participating in his drug treatment program receive. The government once again asserts that Allen is a menace to the community and that granting Pretrial Services such discretion would "imperil the safety of the community...."

There are several serious problems with the government's position. First, Mr. Allen faces a maximum sentence of one year imprisonment on his conviction of conspiracy to possess oxycontin. He has already served approximately 11 months in detention awaiting trial. He has also spent several months confined to inpatient drug treatment programs. The reality is that although the government might wish to keep him locked up forever in some form of unconstitutional preventive detention, Mr. Allen will soon be returned to the community, hopefully to function as a constructive, law-abiding citizen. The successful completion of a drug treatment program will clearly serve that objective.

Second, the entire premise of the kind of drug-treatment program Allen is currently engaged in is to achieve progress through participation with a group of similarly-situated individuals who face similar challenges and participate in the various aspects of the program **together**. One facet of the group treatment concept is that as the members of the group do well, they receive certain privileges as they progress through various phases of treatment successfully. Mr. Allen has participated successfully in the program to date, and thus has **earned** the right under the program's rules and regulations to have an opportunity to have an escorted trip to visit with his family outside the facility for a finite period on Sundays. To deprive Mr. Allen of this benefit which he has earned and which all the other members of his group receive would drive a wedge between him and the rest of the group and undermine his treatment. Moreover, since the defendant was never told in advance that he would be treated differently than any members of the group and since he has been actively participating with the understanding that they were all essentially in the same boat, to treat him in a disparate fashion now would lead him to believe, quite understandably, that he has been deceived and misled.

Third, all that the defendant's motion requests is to give pretrial services the **discretion** to either approve or disapprove such furloughs and medical appointments. It does not require Pretrial Services to give approval. Rather, the motion seeks to empower those individuals most familiar with the defendant's case on a day-to-day basis to consult with the treatment program and make the appropriate decision. It is incomprehensible to undersigned counsel that that could be a bad thing.

In sum, the government's opposition to this motion is petty and unjustified. The government may not agree with the jury's verdict in this case, but the jury has spoken. More importantly, the government's position is counterproductive to the defendant's successful completion of drug

treatment. He is participating actively as part of a group, and he should be treated as a full and equal participant, with the approval of Pretrial Services.

    Respectfully submitted,

    **JOSEPH ALLEN**

    By his attorney,

    _____/s/James L. Sultan_____
    James L. Sultan, BB0 #488400
    Rankin & Sultan
    1 Commercial Wharf North
    Boston, MA 02110
    (617) 720-0011

June 15, 2006